IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

MICHAEL ROBERTS,
    Plaintiff
-vs.-
M/V *SHINANO REEFER*
    *in personam*
    Defendant.

C.A. No.  05 - 454

JURY TRIAL
DEMANDED

## VERIFIED COMPLAINT

Comes now, the Plaintiff, MICHAEL ROBERTS, by and through his attorney, PETER E. HESS, Esq. and alleges and avers as follows:

1) This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appeas, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2) This is a third party admiralty action arising out of the Longshoreman and Harborworkers Act, providing a cause of action for a longshoreman injured onboard a vessel. Pursuant to 28 U.S.C. §1916, such longshoreman are entitled to the rights and remedies of a seamanand are threfor permitted to bring this action without prepayment of costs, fees or the furnishing of security by the plaintiff.

### I. The Parties

3) Michael Roberts ("Roberts") is a domicile of the State of Delaware whose residence is in Wilmington, Delaware.

4) The *in personam* Defendant is a marine vessel engaged in maritime commerce regularly conducted at the Diamond State (Wilmington) Marine Terminal. Its Delaware shipping agent is Norton Lilly International, located at 11 Gist Rd., Wilmington, Delaware 19801.

## II. The Facts

5) On June 30, 2003, Roberts was employed as a longshoreman for Murphy Marine, Inc. at the Diamond State Marine Terminal in Wilmington, Delaware, assigned to unload a palletized cargo of frozen meat from the Defendant vessel.

6) Standing in a spot designated by his supervisor, Roberts was assisting in the offloading of pallets by crane in order to make room for a forklift in the cargo hold. The vessel's crane, being operated by a non-Murphy employee, negligently caused a pallet of frozen meat to swing while being lifted from the cargo hold. The pallet struck Roberts, crushing him against a metal bulkhead on the vessel.

7) Roberts sustained, *interalia*, the following injuries: three broken ribs, a separation of his left shoulder, lumbar strain and sprain, a broken tooth and groin injuries. He was evacuated from the vessel by ambulance.

8) Roberts has since undergone extensive medical treatment, including surgery, for th injuries he sustained onboard the *SHINANO REEFER*. Roberts continues to require periodic medical treatment to deal with these injuries.

## III. Negligence

9) The Plaintiffs incorporate and re-allege allegations1) - 8).

10) This is an action for the vessel's negligence to a business licensee lawfully onboard the vessel and assisting it in the conduct of maritime commerce.

11) The standard for a finding of negligence by the vessel under the Jones Act is "featherweight": any liability, however slight, gives rise to a finding of such Jones Act negligence.

12) The vessel was negligent, *inter alia*, in the following manner:

a) by improperly lifting the pallet of frozen meat, causing it to swing and strike Roberts; and

b) by failing to provide adequate safety instruction to longshoremen working onboard the *SHINANO REEFER*.

WHEREFOR, Plaintiff Roberts prays for a finding of negligence by the Defendant vessel and for the imposition of a judgment for compensatory and special damages, lost wages and lost earning capacity, temporary and permanent disability, disfigurement, pain and suffering, the intentional infliction of emotional distress, humiliation, aggravation, and such other damages as are just and reasonable.

### V. Unseaworthiness

13) The Plaintiffs incorporate and re-allege allegations 1) - 12).

14) This is an action for the unseaworthiness of the vessel under the general maritime law.

15) The vessel is liable to Roberts for its unseaworthiness in *inter alia*, the following respects:

a) by failing to adequately train its crane operators; and

b) by not adequately supervising crane operations so as to ensure that pallets could be offloaded without swinging dangerously.

WHEREFOR, Plaintiff Roberts prays for a finding of the unseaworthiness of the vessel and the imposition of a judgment on his behalf for compensatory and special damages, lost wages and lost earning capacity, temporary and permanent disability, disfigurement, pain and suffering, the intentional infliction of emotional distress, humiliation, aggravation, and such other damages as are just and reasonable.

June 30, 2005
Dated

ATTORNEY FOR PLAINTIFF
MICHAEL ROBERTS

Respectfully submitted,

PETER E. HESS, Esq.
P.O. Box 7753
Wilmington, DE 19803
ph: (302) 777-1715
DE Bar No. 2298