## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS** | : | |
| | : | **CIVIL ACTION** |
| | : | |
| v. | : | **NO. 05-cv-0454 (GMS)** |
| | : | |
| | : | |
| **M/V SHINANO REEFER** | : | |
| *IN PERSONAM* | : | |

## JOINT STATUS REPORT

Defendant Altair Lines S.A. (improperly referred to in the Complaint by plaintiff as "M/V SHINANO REEFER *In Personam*" and hereinafter referred to as "Altair") appearing *in personam* only by and through its attorneys, Palmer Biezup & Henderson LLP, and Plaintiff Michael Roberts, by and through his attorney Peter E. Hess, Esq., submit the following Joint Status Report in accordance with the Court's Order dated January 24, 2006.

1.    **Jurisdiction and Service**:    Subject matter jurisdiction is alleged by plaintiff to be admiralty and maritime jurisdiction pursuant to FRCP 9(h) and 28 USC § 1333.  Defendant Altair Lines S.A. is the only defendant in the lawsuit as plaintiff has agreed that Altair Lines S.A. should be substituted as the proper defendant in this matter.

2.    **Substance of the Action:**

Plaintiff's Version: Plaintiff alleges he sustained alleged injuries on June 30, 2003 while working as a longshoreman aboard the M/V SHINANO REEFER when he was

allegedly struck by a pallet of frozen meat cargo that was being discharged from one of the ship's cargo holds. Plaintiff further alleges that at the time of the alleged accident he was either a longshore employee of stevedoring company, Murphy Marine Services, Inc. or a seaman. Plaintiff further alleges that the alleged accident was caused by the negligence of the defendant and the unseaworthiness of the vessel.

Defendant's Version:          This is an action by a longshoreman governed by the Longshore and Harbor Workers' Compensation Act ("LHWCA") 33 USC § 905(b). The defendant was at all times material hereto the owner of the M/V SHINANO REEFER a refrigerated cargo vessel that called at the Port of Wilmington for the purposes of delivering cargoes of frozen meat, frozen fish, kiwi, and apples loaded in various ports in New Zealand.  Plaintiff's employer, Murphy Marine Services, Inc. was engaged as an independent expert stevedoring company to conduct all cargo discharge operations aboard said vessel including the operation of all cranes used in the discharge of the cargo. Any alleged accident, said accident being denied by defendant, was solely caused by the negligence of the plaintiff and his stevedore employer, Murphy Marine and or the negligence of the operator of a shore based crane owned by Active Crane Rentals, Inc. Defendant Altair denies that it was at any time negligent and denies all liability and damages allegations made by the plaintiff.

3.     **Identification of Issues**:

A.   Was the plaintiff a longshoreman at the time of the alleged accident?

B.    Was the plaintiff a seaman at the time of the alleged accident?

C.    Was the plaintiff injured in the alleged accident of June 30, 2003?

D.    If the plaintiff was injured as alleged were the alleged injuries caused by the

alleged accident?

E.    Was the defendant negligent under the applicable maritime law as alleged by

plaintiff and, if so, was such negligence the cause of the alleged accident?

F.    Was the plaintiff negligent under the applicable law as alleged by defendant

and, if so, was his negligence the cause of the alleged accident?

G.    Was the owner operator of the shore crane utilized by the stevedore to

discharge the vessel, Active Crane Rentals, Inc., negligent and if so, was their

negligence the cause of the alleged accident?

4.    **Narrowing of Issues**:    Defendant, Altair, will likely file a motion for summary

judgment in this matter.

5.    **Relief**:        The plaintiff seeks the following damages in lost wages and

medical expenses: Plaintiff estimates lost wages since June 30, 2003 in the

amount of $100,000. Outstanding medical bills are approximately $15,000.

Murphy Marine's compensation underwriter, Lamorte Burns & Co. (the adjusters)

may assert a lien upon any settlement or verdict in Robert's favor.

6.    **Amendment of Pleadings:**    The parties would suggest a deadline of **March 15,**

**2006** for the amendment of pleadings.

7.    **Joinder of Parties**:    The defendant will be joining Active Crane Rentals, Inc. as

a third party defendant in this matter. Upon information and belief Active

provided a shore based rental crane to the stevedore along with an operator and/or

supervisor. The parties would suggest that defendant be allowed until **February 10, 2006** to file its Third Party Complaint against Active and also to join any other third party defendants. Plaintiff does not object to or oppose the joinder of Active.

8.    **Discovery**:    The parties would suggest the following discovery deadlines given the involvement of a foreign vessel owner and witnesses and the fact that it will take some time for the third party defendant to get into the case so as to be in a position to participate in discovery.

| | |
|---|---|
| **Factual Discovery Completed:** | **August 31, 2006** |
| **Plaintiff's Expert Reports Due:** | **September 30, 2006** |
| **Defendant's Expert Reports Due:** | **October 31, 2006** |
| **Expert Depositions Completed:** | **November 30, 2006** |
| **Dispositive Motions Filed By:** | **December 15, 2006** |

Defendant's Anticipated Discovery:    It will be necessary for the defendant to depose the plaintiff, all Murphy Marine longshoremen who witnessed the alleged accident, the Murphy Marine Supervisory personnel involved in the discharge operation, the Active crane operator (if applicable) and supervisor, and all other witnesses on the pier. It will also be necessary for the defendant to contact the members of the ship's crew that may have knowledge about the alleged accident. The officers and crew who served aboard the vessel are either Japanese or Filipino

nationals and are currently serving aboard foreign vessels sailing in other parts of the world.  It is anticipated that it will take a significant amount of time. The defendant will require an independent medical examination of the plaintiff.  It will also be necessary for the defendant to subpoena medical records, employment records, stevedoring records, union records, LHWCA compensation records, union records, Department of Labor Records, etc. The defendant will also be serving interrogatories and requests for production on the parties.

Plaintiff's Anticipated Discovery:    Plaintiff will require depositions of Murphy Marine, Active, vessel, and other witnesses as necessary and will also serve written discovery on defendant and Active.

9.    **Estimated trial Length**:    It is anticipated that the trial of this matter would be completed in 5 days.

10.    **Jury Trial**:  Plaintiff has demanded a jury. Plaintiff contends that he is entitled to a jury trial by virtue of the "Savings to Suitors" clause, 28 USC § 1331(1) and/or pursuant to the Jones Act, 46 USC § 688.    It is defendant's position that this matter is non-jury as the plaintiff is not a seaman and the basis of jurisdiction is maritime jurisdiction.

11.    **Settlement**:    There have been no settlement discussions. A mediation may be appropriate at a later time.

12.    **Other Matters**:   Defendant will be filing a Motion for Richard Q. Whelan's *pro hac vice* admission in this matter. Plaintiff's counsel has no objection to such admission.

PBH: 180912.1

13.    **Certification**:    Counsel for defendant Altair Lines SA and counsel for plaintiff

Michael Roberts certify that they have conferred about each of the above matters.


**PALMER BIEZUP & HENDERSON** LLP


**By: /s/ Michael B. McCauley**
**Michael B. McCauley, Esq. (ID # 2416)**
**Attorneys for Defendant**
**Altair Lines S.A.**
**1223 Foulk Road**
**Wilmington, DE 19803**
**(302) 594-0895**


**LAW OFFICES OF PETER E. HESS**


**By: /s/ Peter E. Hess**
**Peter E. Hess, Esq.  (ID#: 2298)**
**Attorney for Plaintiff Michael Roberts**
**PO Box 7753**
**Wilmington, Delaware 19803-7753**
**(302) 690-1715**


**Dated: January  27, 2006**

PBH: 180912.1