UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

MICHAEL ROBERTS

v.  :  CIVIL ACTION NO. 05-454 -GMS

ALTAIR LINES S.A.
(referred to in Complaint
as M/V SHINANO REEFER *in personam*)

BRIEF IN SUPPORT OF DEFENDANT'S
UNCONTESTED MOTION FOR SUMMARY JUDGMENT

PALMER BIEZUP & HENDERSON LLP
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Defendant,
Altair Lines S.A

D.I. 6
Filed: January 27, 2006

PBH: 180974.1

## TABLE OF CONTENTS

                                                                                **Page**

**TABLE OF AUTHORITIES** .............................................. i

**NATURE AND STAGE OF PROCEEDING** ...................................... 1

**FACTS AND ARGUMENT** ............................................... 1-2

**CONCLUSION** ...................................................... 3

PBH: 180975.1

# TABLE OF AUTHORITIES

*Federal Rule of Civil Procedure 14(a) and (c)* .................................................................................... 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| v. | : | |
| | : | **NO.: 05-cv-0454 (GMS)** |
| **ALTAIR LINES, S.A.** | : | |
| | : | |
| **Defendant.** | : | |

## MEMORANDUM OF LAW

**I    NATURE OF PROCEEDINGS**

The captioned action involves a claim by longshoreman Michael Roberts under, *inter alia*, the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. §905(b), for alleged injuries he claims he sustained on June 30, 2003 while discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal, Wilmington, Delaware as an employee of stevedore Murphy Marine Services, Inc. (Plaintiff's Complaint attached as Exhibit "A") (DI #1).

**II    FACTS AND ARGUMENT**

Defendant Altair Lines S.A. filed its Answer to Plaintiff's Complaint on November 21, 2005 (Defendant's Answer to Complaint attached as Exhibit "B") (DI #2). On June 30, 2003 plaintiff Michael Roberts was employed by defendant Murphy Marine Services, Inc. as a longshoreman to discharge cargo from the M/V SHINANO REEFER at the Port of Wilmington, Delaware. The plaintiff alleged in his Complaint, *inter alia*, that the operator of the crane that was being used at the time of the alleged accident "negligently caused a pallet of frozen meat to swing while being lifted from the cargo hold. The pallet struck Roberts . . .", said allegations of plaintiff being denied by defendant Altair. (See Complaint ¶6, Exhibit "A") (DI#1).

Investigation by defendant Altair following the commencement of this action has revealed that plaintiff's employer, Murphy Marine, engaged Active Crane Rentals, Inc. ("Active") to provide

one or more shore-based portable truck cranes and crane operators to assist Murphy in the discharge of cargo from the M/V SHINANO REEFER during the ship's call at the port of Wilmington from June 29 through July 1, 2003.

Defendant Altair's investigation has further revealed that during the cargo operation in question the crane in use was owned by Active and operated by Active and/or stevedore Murphy Marine Services, Inc. In these circumstances it was Active who was responsible for the safe operation, maintenance and control of the crane that plaintiff alleges was involved in his alleged accident of June 30, 2003.

Rule 14(a) of the Federal Rules of Civil Procedure provides in pertinent part as follows:

> Any time after the commencement of the action, a defending party, as a third-party plaintiff, may cause a Summons and Complaint to be served upon a person not a party to the action who is or may be liable to him for all or part of the plaintiff's claims against the third-party plaintiff. The third-party plaintiff need not obtain leave to make the service if the third-party plaintiff files the third-party complaint not later than ten (10) days after serving the original answer. Otherwise the third-party plaintiff must obtain leave on motion upon notice to all parties to the action.

In the event that plaintiff's allegations are proven to be true at trial, said allegations being specifically denied by Altair, then defendant Altair is entitled to full indemnity and/or contribution from Active Crane Rentals, Inc. Accordingly, Active Crane Rentals, Inc. is, or may be liable to defendant Altair Lines for all or part of the plaintiff's claims in the captioned matter. In these circumstances, defendant Altair is entitled to file a Third-Party Complaint against proposed Third-Party Defendant Active Crane Rentals, Inc. in accordance with Federal Rules of Civil Procedure 14(a) and (c).

This motion is unopposed. Counsel for plaintiff has agreed not to oppose or object to the joinder of Active Crane Rentals, Inc. as a Third-Party Defendant.

III     CONCLUSION

In accordance with the foregoing authority, defendant Altair Lines S.A. respectfully requests this Honorable Court to grant leave to file and serve the attached Third-Party Complaint against Active Crane Rentals, Inc.

Respectfully submitted,

**PALMER BIEZUP & HENDERSON** LLP

By: /s/ Michael B. McCauley
Michael B. McCauley, Esq. (ID # 2416)
**Attorneys for Defendant**
**Altair Lines S.A.**
**1223 Foulk Road**
**Wilmington, DE 19803**
**(302) 594-0895**

OF COUNSEL:

Richard Q. Whelan
**PALMER BIEZUP & HENDERSON** LLP
**956 Public Ledger Building**
**620 Chestnut Street**
**Philadelphia, PA  19106**
**(215) 625-9900**