# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **NO.: 05-cv-0454 (GMS)** |
| **ALTAIR LINES, S.A.,** | : | |
| **Defendant/Third-Party Plaintiff,** | : | |
| v. | : | |
| | : | |
| **ACTIVE CRANE RENTALS, INC.** | : | |
| **Third-Party Defendant.** | : | |

## DEFENDANT ALTAIR LINES S.A.'S THIRD-PARTY COMPLAINT AGAINST ACTIVE CRANE RENTALS, INC. PURSUANT TO F.R.C.P. 14 (c) and (a)

Defendant and Third-Party plaintiff Altair Lines S.A. ("Altair"), by and through its attorneys, Palmer Biezup & Henderson, submits the following Third Party Complaint pursuant to Fed. R. Civ. P. 14(c) and, alternatively, Rule 14(a), against Active Crane Rentals, Inc. ("ACR") and alleges upon information and belief as follows:

1.     Plaintiff, Michael Roberts, filed a Complaint against Altair in the United States District Court for the District of Delaware, a true and correct copy of which is attached hereto as Exhibit "A."

PBH: 180956.1

2.    Defendant, Altair, filed its Answer to Complaint on or about November 21, 2005. A true and correct copy of the Answer is attached hereto and made part hereof as Exhibit "B."

3.    This Honorable Court has subject matter jurisdiction over this Third-Party Complaint as this is a case of admiralty in maritime jurisdiction under 28 U.S.C. § 1333 and plaintiff has brought this action, according to his Complaint, pursuant to Fed. R. Civ. P. 9(h). Plaintiff has also alleged that on June 30, 2003 he was working as a longshoreman. Alternatively, this Honorable Court has subject matter jurisdiction over this Third-Party Complaint pursuant to pendent, ancillary and supplemental (28 U.S.C. § 1367) jurisdiction.

4.    Third-Party plaintiff, Altair, repeats and reiterates each and every allegation of its Answer to Complaint (Exhibit "B") as if same were set forth herein at length.

5.    At all times material hereto defendant, Third-Party plaintiff Altair was a foreign corporation involved in the carriage of cargo by sea in foreign trade and the owner of the vessel M/V SHINANO REEFER.

6.    At all times material hereto Third-Party defendant ACR was and still is a corporation organized and existing under the laws of the State of Delaware, with an office and principal place of business at 103 Water Street - Newport, Wilmington, Delaware 19804.

7.    At all times material hereto ACR was a business that provided, *inter alia*, crane rental services to customers in the Wilmington, Delaware area including Murphy Marine Services, Inc.

8.    On or about June 30, 2003 Third Party defendant ACR provided one or more mobile shore-based cranes to Murphy Marine Services, Inc. and/or another customer for use in

PBH: 180956.1

discharging cargo from the vessel M/V SHINANO REEFER at the Wilmington Marine

Terminal, Wilmington, Delaware.

9.      ACR also provided a crane operator and/or a supervisor and/or an oiler with said

mobile shore based crane(s) used to discharge cargo from the vessel M/V SHINANO REEFER

on June 30, 2003.

10.     The Complaint of plaintiff (Exhibit "A") alleges that defendant Altair is somehow

liable to plaintiff for alleged personal injuries he claims he sustained on June 30, 2003 while

discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal,

Wilmington, Delaware as an employee of stevedore Murphy Marine Services, Inc., said liability,

injuries, and allegations being denied by defendant Altair.

11.     Plaintiff further alleges in the Complaint that, *inter alia*, the operator of the crane

that was being used at the time of the alleged accident "negligently caused a pallet of frozen meat

to swing while being lifted from the cargo hold.  The pallet struck Roberts . . .", said allegations

of plaintiff being denied by defendant Altair.  (See Complaint ¶6, attached as Exhibit "A").

12.     If the allegations contained in plaintiff's Complaint are proven to be true, which is

denied by defendant/Third-Party plaintiff Altair, the crane that plaintiff alleges was involved in

the alleged accident was owned, operated, maintained, provided and controlled by ACR and/or

its agents.

13.     If the allegations contained in the plaintiff's Complaint are proven to be true, said

allegations being expressly denied by defendant/Third-Party plaintiff Altair, then any alleged

accident, injuries, losses and damages claimed by plaintiff were caused by the negligence,

breaches of warranty and breaches of implied warranties of Third-Party defendant ACR, who

PBH: 180956.1

should be held directly liable to plaintiff, and who should be required to indemnify the defendant/Third-Party plaintiff Altair for all sums which it may be required to pay, including attorneys' fees and the other costs of defending this action.

14.     Third-Party defendant, ACR by its agents, servants and/or employees, was fully responsible for the operation, maintenance, and control of the crane(s) utilized to discharge the cargo from the M/V SHINANO REEFER on or about June 30, 2003 and owed a duty to, among others, the vessel and its owners to perform in a safe, proper, and workmanlike manner.

15.     If the allegations contained in the plaintiff's Complaint are proven to be true, said allegations being expressly denied by defendant/Third-Party plaintiff Altair, then Third-Party defendant ACR breached the aforesaid duty it owed to the defendant/Third-Party plaintiff Altair.

16.     If the allegations contained in the plaintiff's Complaint are proven to be true, said allegations being expressly denied by defendant/Third-Party plaintiff Altair, then any alleged accident, injuries, losses and damages claimed by plaintiff were caused by the primary, active and direct fault, negligence, breaches of contract, breaches of express and implied warranties, breaches of the warranty of workmanlike service, recklessness, willful and wanton conduct, and want of reasonable care under the circumstances on the part of Third-Party defendant ACR.

17.     In the event it is determined at trial that plaintiff is somehow entitled to recover any damages whatsoever against defendant/Third-Party plaintiff Altair by reason of the allegations set forth in the Plaintiff's Complaint, said liability, entitlement to recovery, and allegations of plaintiff being specifically denied by defendant/Third-Party plaintiff Altair, then Third-Party plaintiff Altair is entitled to full indemnity and/or contribution from Third-Party

defendant ACR, including legal fees and expenses incurred in defending the plaintiff's original action.

18.     In the event it is determined at trial that plaintiff is somehow entitled to recover, which is denied by defendant/Third-Party plaintiff Altair, then plaintiff should only recover directly from Third-Party defendant ACR pursuant to Rule 14(c) of the Federal Rules of Civil Procedure, without any contribution whatsoever from Third-Party plaintiff Altair.

WHEREFORE, defendant/third-party plaintiff Altair prays:

(a)     that process issue against the Third-Party defendant, Active Crane Rentals, Inc., and that the Third-Party defendant be cited to appear and answer the allegations set forth in the within Third-Party Complaint;

(b)     that the Third-Party defendant Active Crane Rentals, Inc. be cited to appear and answer the allegations set forth in the Original plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 14(c);

(c)     that Third-Party defendant Active Crane Rentals, Inc. be held directly and solely liable to plaintiff pursuant to Fed. R. Civ. P. 14(c) or otherwise;

(d)     that judgment be entered in favor of Altair Lines S.A. and against Third-Party defendant Active Crane Rentals, Inc. for all of Altair Lines S.A.'s attorneys' fees and expenses incurred in defending the plaintiff's claims in this matter;

(e)     that judgment be entered in favor of Altair Lines S.A. and against Third-Party

defendant Active Crane Rentals, Inc. for any amounts that may be found due plaintiff, together

with attorneys' fees and costs as may be deemed appropriate by this Honorable Court;

(e)     That the Third-Party plaintiff Altair obtain such other and further relief as this

Honorable Court may deem just and appropriate under the circumstances.


                           PALMER BIEZUP & HENDERSON LLP


                           By: /s/ Michael B. McCauley
                               Michael B. McCauley (ID # 2416)
                               Attorneys for Defendant
                               Altair Lines S.A.
                               1223 Foulk Road
                               Wilmington, DE 19803
                               (302) 594-0895

OF COUNSEL:

Richard Q. Whelan
PALMER BIEZUP & HENDERSON LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106
(215) 625-9900

PBH: 180956.1

-6-

## CERTIFICATE OF SERVICE

I hereby certify that on February 8, 2006, I electronically filed the foregoing Third-Party Complaint and accompanying Exhibits using CM/ECF which will send notification of such filing to:

Peter E. Hess, Esquire
Law Offices of Peter E. Hess
P.O. Box 7753
Wilmington, DE 19803-7753

I further certify that a courtesy copy of the foregoing has been served on the above-listed counsel by first-class mail, postage prepaid.

PALMER BIEZUP & HENDERSON LLP

By: /s/ Michael B. McCauley
Michael B. McCauley

Dated: February 8, 2006

PBH: 180956.1