# EXHIBIT "B"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL ROBERTS | : |
| | : CIVIL ACTION |
| v. | : |
| | : NO. 05-cv-0454 (GMS) |
| M/V SHINANO REEFER | : |
| *IN PERSONAM* | : |

## DEFENDANT ALTAIR LINES S.A.'s ANSWER TO COMPLAINT

Defendant Altair Lines S.A. (improperly referred to in the Complaint by plaintiff as "M/V SHINANO REEFER *In Personam*" and hereinafter referred to as "Altair" or "answering defendant") appearing *in personam* only by and through its attorneys, Palmer Biezup & Henderson LLP, answers the Plaintiff's Complaint as follows:

1. The averments contained in paragraph 1 of the Complaint are conclusions of law to which no response is required.

2. Denied as stated. It is denied that plaintiff was at any time a seaman and answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averment that plaintiff sustained injuries and, therefore, denies said averment; the remaining averments contained in paragraph 2 of the Complaint are conclusions of law to which no response is required.

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 3 of the Complaint and, therefore,

PBH: 179774.1

denies the same.

4. Denied as stated. It is admitted that answering defendant Altair was the registered owner of the M/V SHINANO REEFER when said vessel called at the Port of Wilmington on or about June 30, 2003, and, except as admitted herein, the averments contained in paragraph 4 of the Complaint are denied.

5. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 5 of the Complaint and, therefore, denies the same.

6. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 6 of the Complaint and, therefore, denies the same.

7. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments contained in paragraph 7 of the Complaint and, therefore, denies the same.

8. Denied. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint and, therefore, denies the same.

**Negligence Count**

9. Answering defendant incorporates herein by reference its responses to paragraphs 1 through 8, inclusive, of the Complaint as if set forth herein at length.

10. Denied. To the extent this paragraph is alleging that answering defendant was at

any time negligent, said allegations are denied; the remaining averments are conclusions of law to which no response is required.

11.     Denied. It is specifically denied that plaintiff was at any time a seaman and it is further denied that the Jones Act applies in any way to this lawsuit and, except as denied herein, the remaining averments contained in paragraph 11 of the Complaint are conclusions of law to which no response is required.

12.     Denied.

12(a).  Denied.

12(b).  Denied.

WHEREFORE, answering defendant Altair Lines S.A. prays that judgment be entered in its favor and against plaintiff, dismissing with prejudice plaintiff's Complaint at plaintiff's cost together with such further relief as this Honorable Court deems appropriate under the circumstances.

### "Unseaworthiness" Count

13.     Answering defendant incorporates herein by reference its responses to paragraphs 1 through 12(b), inclusive, of the Complaint as if set forth herein at length.

14.     Denied.

15.     Denied.

15(a).  Denied.

15(b).  Denied.

WHEREFORE, answering defendant Altair Lines S.A. prays that judgment be entered in

PBH: 179774.1

3

its favor and against plaintiff, dismissing with prejudice plaintiff's Complaint at plaintiff's cost together with such further relief as this Honorable Court deems appropriate under the circumstances.

## FIRST SEPARATE DEFENSE

Plaintiff has failed to state a claim against answering defendant for which relief can be granted.

## SECOND SEPARATE DEFENSE

Plaintiff's exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq.*

## THIRD SEPARATE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, the plaintiff received compensation benefits through the Longshore and Harbor Workers' Compensation Act from his employer or his employer's insurer. Plaintiff is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the plaintiff under any provisions of the LHWCA to which plaintiff's employer or his employer's insurer has thereby become subrogated.

## FOURTH SEPARATE DEFENSE

Plaintiff is not the real party in interest to the extent that plaintiff's claim(s) or any portion thereof has been statutorily re-assigned to the stevedore employer pursuant to § 933(b) of the LHWCA.

PBH: 179774.1

### FIFTH SEPARATE DEFENSE

Plaintiff's alleged injuries and/or losses were entirely or substantially caused the negligence of plaintiff's employer and/or the negligence of other parties, persons and/o entities for whom the answering defendant has no responsibility.

### SIXTH SEPARATE DEFENSE

Answering defendant avers that this claim against it is barred by the doctrines of estoppel, borrowed servant, laches and/or waiver.

### SEVENTH SEPARATE DEFENSE

Answering defendant avers that this claim against it is barred by the applicable statute of limitations.

### EIGHTH SEPARATE DEFENSE

Answering defendant claims benefit of all rights and defenses of the Limitation Statutes of the United States, particularly the Limitation of Liability Act, 46 U.S.C. § 183 et seq.

### NINTH SEPARATE DEFENSE

Plaintiff's alleged accident, injuries and/or losses, if they occurred, which is denied, were entirely or substantially caused by plaintiff's own contributory negligence and, therefore, plaintiff's Complaint is barred or any recovery by plaintiff must be reduced by the percentage share of plaintiff's negligence.

### TENTH SEPARATE DEFENSE

At all times material hereto, plaintiff's employer, an expert and experienced stevedoring contractor, had exclusive possession, custody and control of and over the subject vessel, including her cargo, decks, hatches and appurtenances. Moreover, it was the expert stevedore who directed,

supervised, controlled, and performed all cargo operations aboard said vessel. Moreover it was the stevedore who operated, directed and was responsible for any shoreside cranes used in said cargo operations.

## ELEVENTH SEPARATE DEFENSE

This Honorable Court lacks *in personam* jurisdiction over answering defendant and, therefore, this action must be dismissed.

## TWELFTH SEPARATE DEFENSE

This Complaint must be dismissed due to failure to serve process on answering defendant and improper and inadequate service of process. Moreover there is no *in personam* jurisdiction over answering defendant due to failure to serve process on answering defendant and improper and inadequate service of process.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff was at no time a seaman and the Jones Act has no application to this case.

## FOURTEENTH SEPARATE DEFENSE

The ship's personnel were at no time involved with the operation of any cranes during the cargo operations conducted by plaintiff and his stevedore employer and, moreover, all shoreside cranes were operated by plaintiff's fellow employees and/or by the servants of plaintiff's stevedore employer, Murphy Marine Services, Inc.

## FIFTEENTH SEPARATE DEFENSE

Answering defendant Altair Lines S.A. is appearing *in personam* in this matter only and said appearance is on its own behalf only.

WHEREFORE, answering defendant Altair Lines S.A. prays that judgment be entered in its favor and against plaintiff, dismissing with prejudice plaintiff's Complaint at plaintiff's cost together with such further relief as this Honorable Court deems appropriate under the circumstances.

**PALMER BIEZUP & HENDERSON LLP**

By: /s/ Michael B. McCauley
Michael B. McCauley, Esq. (ID # 2416)
Attorneys for Defendant
Altair Lines S.A.
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895

Of Counsel:
Richard Q. Whelan, Esq.
Palmer Biezup & Henderson LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106-3409

Dated: November 21, 2005

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the within Defendant's Answer to Complaint was served on the below-listed counsel by first-class mail, postage prepaid, on the date appearing below:

>Peter E. Hess, Esquire
>Law Offices of Peter E. Hess
>P.O. Box 514
>Wilmington, DE 19803

>**PALMER BIEZUP & HENDERSON LLP**

>By: /s/ Michael B. McCauley
>   Michael B. McCauley

Dated: November 21, 2005

PBH: 179774.1

**Answers to Complaints**
1:05-cv-00454-GMS Roberts v. Shinano Reefer

U.S. District Court

District of Delaware

Notice of Electronic Filing

The following transaction was received from McCauley, Michael B. entered on 11/21/2005 at 3:26 PM EST and filed on 11/21/2005
**Case Name:** Roberts v. Shinano Reefer
**Case Number:** 1:05-cv-454
**Filer:** Altair Lines S.A.
**Document Number:** 2

**Docket Text:**
ANSWER to Complaint by Altair Lines S.A..(McCauley, Michael)

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**
[STAMP dcecfStamp_ID=1079733196 [Date=11/21/2005] [FileNumber=129585-0
] [60945524e868266953d8490dd084428fc1d923daf18b50887b199a69e3d96461e0f
ea388969b5978200be58916d8722291957a0baf0c9909752c2cec0e802f88]]

**1:05-cv-454 Notice will be electronically mailed to:**

Peter E. Hess    hessians@aol.com,

Michael B. McCauley    mccauley@pbh.com,

**1:05-cv-454 Notice will be delivered by other means to:**