UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

MICHAEL ROBERTS                          :
                                         :
    v.                                   :   CIVIL ACTION NO. 05-454 -GMS
                                         :
ALTAIR LINES S.A.                        :
(referred to in Complaint                :
as M/V SHINANO REEFER *in personam*)     :
                                         :
    v.                                   :
                                         :
ACTIVE CRANE RENTALS, INC.               :

**MOTION OF DEFENDANT ALTAIR LINES, S.A.
TO STRIKE PLAINTIFF'S JURY DEMAND**

Defendant, Altair Lines S.A. ("Altair"), by its undersigned attorneys, and in accordance with this Honorable Court's Scheduling Order, moves this Honorable Court for an Order in substantially the form attached hereto granting the within Motion to Strike Demand for Jury Trial, and in support thereof, avers as follows:

1. The captioned action involves a claim by longshoreman Michael Roberts under, *inter alia*, the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 905(b), for alleged injuries he claims he sustained on June 30, 2003 while discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal, Wilmington, Delaware as an employee of stevedore Murphy Marine Services, Inc. (Plaintiff's Complaint attached as Exhibit "A") (D.I. 1).

2. In the Complaint the Plaintiff provided the following basis for federal jurisdiction: "[t]his is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." (Complaint, ¶1, Exhibit "A").

3. The Plaintiff further alleged in the Complaint that at the time of the alleged accident he was working as a longshoreman employed by stevedoring company Murphy Marine Services, Inc. and that this lawsuit "is a third party admiralty action arising out of the Longshore[] and Harbor

Workers' [Compensation] Act, providing a cause of action for a longshoreman injured on board a vessel."[1] Plaintiff has also claimed that the alleged accident occurred aboard the vessel M/V SHINANO REEFER while said vessel was berthed at the Wilmington Marine Terminal. (Complaint, ¶2 and ¶5, Exhibit "A").

4.  Notwithstanding Plaintiff's jurisdictional designation of "admiralty and maritime jurisdiction," the Plaintiff demanded a jury trial in the pleadings caption of the Complaint. (Complaint, ¶1, Exhibit "A").

5.  Defendant Altair Lines S.A. ("Altair Lines") filed its Answer to Plaintiff's Complaint on November 21, 2005 (Defendant's Answer to Complaint attached as Exhibit "B") (D.I. 2).

6.  On February 8, 2006, Defendant Altair Lines filed a Third Party Complaint against Active Crane Rentals, Inc. pursuant to Federal Rule of Civil Procedure Rule 14(c), which is a procedural rule limited to admiralty cases wherein the Rule 9(h) designation has been made. (D.I. 8).

7.  Under the applicable maritime law, a case such as this wherein jurisdiction is based on admiralty and maritime jurisdiction, there is no right to a jury trial as a matter of law.

---

[1] Notwithstanding Plaintiff's admission that he was working as a longshoreman employed by stevedoring contractor Murphy Marine Services, Inc. at the time of his alleged accident, Plaintiff improperly makes reference to the Jones Act in ¶ 11 of the Complaint and sets forth an unseaworthiness count in ¶¶ 13-15 of the Complaint. These references / allegations are inapplicable as a matter of law since plaintiff's action is based on the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), and the Congressional amendment to the LHWCA in 1972 abolished the longshoreman's cause of action for unseaworthiness and at the same time eliminated a vessel owner's right to file an indemnity claim against the stevedore employer. See *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 168-72 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 97 (1994). Under § 905(b), a longshoreman is limited to an exclusive statutory negligence cause of action. See *Scindia* and *Howlett, supra.*

WHEREFORE, defendant Altair Lines S.A. respectfully requests this Honorable Court to enter an Order in substantially the form attached hereto granting Altair Lines S.A.'s Motion to Strike Plaintiff's Jury Trial Demand.

          **Respectfully submitted,**

          **PALMER BIEZUP & HENDERSON LLP**

          By: **/s/ Michael B. McCauley**
          **Michael B. McCauley, Esq. (ID # 2416)**
          **Attorneys for Defendant**
          **Altair Lines S.A.**
          **1223 Foulk Road**
          **Wilmington, DE 19803**
          **(302) 594-0895**

**OF COUNSEL:**

**Richard Q. Whelan**
**PALMER BIEZUP & HENDERSON LLP**
**620 Chestnut Street**
**956 Public Ledger Building**
**Philadelphia, PA 19106**
**(215) 625-9900**

## CERTIFICATE OF SERVICE

I hereby certify that on March 14, 2006, I electronically filed the foregoing Motion to Strike Jury Demand and accompanying Brief in Support using CM/ECF which will send notification of such filing to:

> Peter E. Hess, Esquire
> Law Offices of Peter E. Hess
> P.O. Box 7753
> Wilmington, DE 19803-7753

I further certify that a courtesy copy of the foregoing has been served on the above-listed counsel as well as the below listed Third Party Defendant who are presently unrepresented by first-class mail, postage prepaid.

> Active Crane Rental, Inc.
> 103 Water Street - Newport
> Wilmington, Delaware 19804

**PALMER BIEZUP & HENDERSON LLP**

By: /s/ Michael B. McCauley
    Michael B. McCauley

Dated: March 14, 2006