## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| MICHAEL ROBERTS | : |
| v. | : CIVIL ACTION NO. 05-454 -GMS |
| ALTAIR LINES S.A. (referred to in Complaint as M/V SHINANO REEFER *in personam*) | : |
| v. | : |
| ACTIVE CRANE RENTALS, INC. | : |

## BRIEF IN SUPPORT OF DEFENDANT'S
## MOTION TO STRIKE JURY DEMAND

PALMER BIEZUP & HENDERSON LLP
Michael B. McCauley (ID 2416)
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895
(302) 478-7625 (fax)
Attorneys for Defendant,
Altair Lines S.A.

PBH: 181937.1

# TABLE OF CONTENTS

|   | Page |
|---|---|
| TABLE OF AUTHORITIES | i |
| NATURE AND STAGE OF PROCEEDING | 1 |
| FACTS AND ARGUMENT | 1 |
| CONCLUSION | 3 |

PBH: 181951.1

# TABLE OF AUTHORITIES

## FEDERAL CASES

Page

*Derr v. Kawasaki Kisn K.K.*, 835 F.2d 490 (3d Cir. 1987), *cert denied*,
   486 U.S. 1007 (1988) .................................................. 3

*Hall v. John Crane-Houdaille, Inc.* 1990 U.S. Dist. LEXIS 1962
   (E.D. Pa. February 16, 1990) ............................................ 3

*Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92 (1994) ................... 2

*Romero v. Bethlehem Steel Corp.*, 515 F. 2d 1249 (5th Cir. 1975) .............. 3

*Rosen v. Brodie*, 1995 U.S. Dist. LEXIS 2907 (E.D. Pa. March 10, 1995) ........ 3

*Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981) ........... 2

*Waring v. Clarke*, 46 U.S. (5 How.) 441 (1847) ............................... 3

## FEDERAL STATUTES

33 U.S.C. § 905(b) ..................................................... 1, 2, 3

## FEDERAL RULES

Federal Rule of Civil Procedure 9(h) .................................... 1, 2, 3

Federal Rule of Civil Procedure 14(c) ....................................... 2

Federal Rule of Civil Procedure 38(e) ....................................... 3

I.    **NATURE OF PROCEEDINGS**

The captioned action involves a claim by longshoreman Michael Roberts under, *inter alia*, the Longshore and Harbor Workers Compensation Act (LHWCA), 33 U.S.C. § 905(b), for alleged injuries he claims he sustained on June 30, 2003 while discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal, Wilmington, Delaware as an employee of stevedore Murphy Marine Services, Inc. (Plaintiff's Complaint attached as Exhibit "A") (D.I. 1).

II.    **FACTS AND ARGUMENT**

In the Complaint the Plaintiff provided the following basis for federal jurisdiction: "[t]his is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure." (Complaint, ¶1, Exhibit "A"). The Plaintiff further alleged in the Complaint that at the time of the alleged accident he was working as a longshoreman employed by stevedoring company Murphy Marine Services, Inc. and that this lawsuit "is a third party admiralty action arising out of the Longshore[] and Harbor Workers' [Compensation] Act, providing a cause of action for a longshoreman injured on board a vessel." Plaintiff has also claimed that the alleged accident occurred aboard the vessel M/V SHINANO REEFER while said vessel was berthed at the Wilmington Marine Terminal. (Complaint, ¶2 and ¶5, Exhibit "A"). Notwithstanding Plaintiff's jurisdictional designation of "admiralty and maritime jurisdiction," the Plaintiff demanded a jury trial in the pleadings caption of the Complaint. (Complaint, ¶1, Exhibit "A"). Defendant Altair Lines S.A. ("Altair Lines") filed its Answer to Plaintiff's Complaint on November 21, 2005 (Defendant's Answer to Complaint attached as Exhibit "B") (D.I. 2). On February 8, 2006, Defendant Altair Lines filed a Third Party Complaint against Active Crane Rentals, Inc. pursuant to Federal Rule of Civil

Procedure Rule 14(c), which is a procedural rule limited to admiralty cases wherein the Rule 9(h) designation has been made. (D.I. 8).

Notwithstanding Plaintiff's admission that he was working as a longshoreman employed by stevedoring contractor Murphy Marine Services, Inc. at the time of his alleged accident, Plaintiff improperly makes reference to the Jones Act in ¶ 11 of the Complaint and sets forth an unseaworthiness count in ¶¶ 13-15 of the Complaint. These references / allegations are inapplicable as a matter of law since plaintiff's action is based on the Longshore and Harbor Worker's Compensation Act ("LHWCA"), 33 U.S.C. § 905(b), and the Congressional amendment to the LHWCA in 1972 abolished the longshoreman's cause of action for unseaworthiness and at the same time eliminated a vessel owner's right to file an indemnity claim against the stevedore employer. *See Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 168-72 (1981); *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 97 (1994). Under § 905(b), a longshoreman is limited to an exclusive statutory negligence cause of action. *See Scindia* and *Howlett, supra*.

Congress amended the LHWCA in 1972 in order to foreclose the longshoreman's remedy for unseaworthiness – a right of no-fault recovery against the vessel – and to eliminate the vessel's non-delegable duty to provide a safe place to work. *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 168-72 (1981). Under the 1972 Amendments, longshoremen received a substantial increase in the compensation payments due them from their stevedore employers, while the longshoreman's right to recover against a vessel for unseaworthiness was eliminated, and the vessel's cause of action for indemnity against the stevedore employer was abolished. *Id.* at 165. The longshoreman's limited right to recovery is set forth in section 905(b), which provides an exclusive, statutory negligence cause of action against the vessel. *Id.*

Section 905(b) of the LHWCA states in pertinent part:

> In the event of injury to a person covered under this chapter caused by the negligence of a vessel, then such person, or anyone otherwise entitled to recover damages by reason thereof, may bring an action against such vessel as a third party in accordance with the provisions of section 933 of this title. . . . The liability of the vessel under this subsection shall not be based upon the warranty of seaworthiness or

> a breach thereof at the time the injury occurred. The remedy provided
> in this subsection shall be exclusive of all other remedies against the
> vessel except remedies available under this chapter.

The guiding principle behind section 905(b) was the belief of "Congress . . . that it was fairer, and fully consistent with the goal of promoting safety, for the vessel's liability to be predicated on negligence, rather than the no-fault concept of unseaworthiness." *Derr v. Kawasaki Kisen K.K.*, 835 F.2d 490, 492 (3d Cir. 1987), *cert. denied*, 486 U.S. 1007 (1988) (quoting H.R. Rep. No. 1441, 92d Cong., 2d Sess. (1972), *reprinted in* 1972 U.S.C.C.A.N. 4698, 4703)).

Plaintiff's cause of action in this matter is the exclusive statutory negligence cause of action provided for in § 905(b) of the LHWCA which does not provide a statutory right to a jury trial. Plaintiff's reference to the Jones Act and an unseaworthiness count are inapplicable as a matter of law in this § 905(b) case. Having instituted this case in admiralty and pursuant to Rule 9(h), Plaintiff has no right to a jury. Fed. R. Civ. P. 38(e) ("These Rules shall not be construed to create a right to trial by jury of the issues in an admiralty or maritime claim within the meaning of Rule 9(h)."); *Waring v. Clarke*, 46 U.S. (5 How.) 441, 460 (1847) (no Seventh Amendment right to jury in admiralty cases); *Romero v. Bethlehem Steel Corp.*, 515 F.2d 1249 (5th Cir. 1975) (Plaintiff's invocation of Rule 9(h) precludes jury demand); *Rosen v. Brodie*, 1995 U.S. Dist. LEXIS 2907, at *6 (E.D. Pa. March 10, 1995) ("By referencing Rule 9(h) in his Complaint, [plaintiff] requested the court to apply admiralty procedure to his claims. As such, he has agreed to proceed without a jury."); *Hall v. John Crane-Houdaille, Inc.*, 1990 U.S. Dist. LEXIS 1962, at *21 (E.D. Pa. February 16, 1990).

### III.    CONCLUSION

Plaintiff has designated this case as one within this Honorable Court's admiralty and maritime jurisdiction. This action was brought by the Plaintiff longshoreman as a third party action pursuant to § 905(b) of the LHWCA which provides for an exclusive statutory negligence cause of

action and does not provide a statutory right to a jury trial. In these circumstances, Plaintiff's demand for a jury trial must be stricken.

Respectfully submitted,

**PALMER BIEZUP & HENDERSON LLP**

By: /s/ Michael B. McCauley
Michael B. McCauley, Esq. (ID # 2416)
Attorneys for Defendant
Altair Lines S.A.
1223 Foulk Road
Wilmington, DE 19803
(302) 594-0895

OF COUNSEL:

Richard Q. Whelan
PALMER BIEZUP & HENDERSON LLP
956 Public Ledger Building
620 Chestnut Street
Philadelphia, PA 19106
(215) 625-9900