IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| **ALTAIR LINES, S.A.,** | : | |
| Defendant/Third-Party Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| Third-Party Defendant. | : | |

**ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM ON BEHALF OF ACTIVE CRANE RENTALS, INC.**

Defendant, Active Crane Rentals, Inc. (hereinafter "Answering Defendant"), by and through their undersigned counsel, Deasey, Mahoney & Bender, Ltd., hereby answer the Complaint filed by plaintiff, Michael Roberts (hereinafter "plaintiff"), as follows:

1.      Denied. The averments contained in paragraph 1 constitute conclusions of law to which no response is required.

2.      Denied. The averments contained in paragraph 2 constitute conclusions of law to which no response is required. To the extent, however, that said averments are factual, after reasonable investigation, answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

**I. The Parties**

3. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

4. The averments contained in paragraph 4 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, averments of paragraph 4 of the Complaint are denied, and strict proof is demanded at the time of trial.

## II. The Facts

5. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

6. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 6 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

7. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 7 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

8. Answering defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 8 of the Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

## III. Negligence

9. Answering defendant incorporates herein by reference its responses to paragraphs 1 through 8, inclusive, of the Complaint if set forth herein at length.

10. The averments contained in paragraph 10 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 10 of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, answering defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and plaintiff, Michael Robert's resulting injuries and damages.

11. The averments contained in paragraph 11 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, it is specifically denied that plaintiff was at any time a seaman, and it is further denied that the Jones Act applies in any way to this lawsuit and, except as denied herein, the remaining averments contained in paragraph 11 of the Complaint are conclusions of law to which no response is required.

12. The averments contained in paragraph 12 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 12 of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, answering defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and plaintiff, Michael Robert's resulting injuries and

damages. It is further specifically denied as follows:

    (a)    Answering Defendant specifically denied that it improperly lifted the pallet of frozen mean, causing it to swing and strike Plaintiff, Michael Roberts, and

    (b)    Answering Defendant specifically denies that it failed to provide adequate safety instructions to longshoreman working onboard the MV SHINANO REEFER at anytime relevant hereto.

**WHEREFORE,** Answering Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirely and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

### V. Unseaworthiness

13.    Answering defendant incorporates herein by reference its responses to paragraphs 1 through 12(b), inclusive, of the Complaint if set forth herein at length.

14.    The averments contained in paragraph 14 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 14 of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial.

15.    The averments contained in paragraph 15 of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 15 of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. It is further averred as follows:

    (a)    The averments contained in paragraph 15(a) of the Complaint are directed to another

defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 15(a) of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial.

(b)   The averments contained in paragraph 15(b) of the Complaint are directed to another defendant, and therefore no response is required. To the extent, however, that the averments are directed to answering defendant, the allegations set forth in paragraph 15(b) of the Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial.

**WHEREFORE,** Answering Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirely and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set and state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq*.

## THIRD AFFIRMATIVE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, Plaintiff received compensation benefits through the Longshore and Harbor Workers' Compensation Act from his employer or his employer's insurer. Plaintiff is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the plaintiff under any provisions of the

LHWCA to which plaintiff's employer or his employer's insurer has thereby become subrogated.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest to the extent that plaintiff's claim(s) or any portion thereof has been statutorily re-assigned to the stevedore employer pursuant to §933(b) of the LHWCA.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or losses were entirely or substantially caused by the negligence of Plaintiff, Michael Robert's employer and/or the negligence of other parties and/or entities for whom the Answering Defendant has no responsibility.

## SIXTH AFFIRMATIVE DEFENSE

Answering Defendant avers that this claim against it is barred by the doctrines of estoppel, borrowed servant, laches and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

## EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant claims benefit of all rights and defenses of the Limitation Statutes of the United States, including those set forth in the Limitation of Liability Act, 46 U.S.C. § 183, *et seq*.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged accident, injuries and/or damages were caused by his own contributory negligence and, therefore, Plaintiff's complaint is barred or any recovery by Plaintiff must be reduced by the percentage share of Plaintiff's negligence.

## TENTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff's employer, an expert and experienced stevedoring contractor, had exclusive possession, custody and control of and over the subject vessel, including her cargo, decks, hatches and appurtenances.  Moreover, it was the expert stevedore who directed, supervised, controlled, and performed all cargo operations aboard said vessel.  Moreover, it was the stevedore who operated, directed and was responsible for any shoreside cranes used in said cargo operations.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was at no time a seaman and the Jones Act has no application to this case.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff, Michael Roberts and/or Defendant/Third-Party Plaintiff Altair failed to join all necessary and indispensable parties.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not owe Plaintiff any duty.  To the extent that Answering Defendant did owe any duty to Plaintiff, it discharged those duties properly.

**WHEREFORE,** Answering Defendant respectfully requests that Plaintiff's Complaint be dismissed in its entirely and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

## CROSS-CLAIM OF ANSWERING DEFENDANT AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF ALTAIR LINES, S.A.

If plaintiff's allegations are established at trial and there is liability against Answering Defendant as claimed by plaintiff, Michael Roberts, said claim being denied, then as a result of

the negligent acts, breaches or omissions of defendant Altair, defendant Altair is alone liable to plaintiff, Michael Roberts, or are jointly and severally liable to plaintiff, Michael Roberts with Answering Defendant, or are liable over to Answering Defendant for contribution and/or indemnity.

**WHEREFORE,** Answering Defendant prays that in the event Judgment is entered in favor of Plaintiff, Michael Roberts, that said Judgment is entered solely against Defendant Altair and/or in the event Judgment is entered in favor of Plaintiff, Michael Roberts and against Answering Defendant, that Defendant Altair be held jointly and severally liable to Plaintiff, Michael Roberts, and that, in any event, judgment be entered in favor of Answering Defendant, Active Crane Rentals, Inc., and against all other parties, together with attorneys' fees and costs, and such other relief as the court may deem appropriate.

**DEASEY, MAHONEY & BENDER, LTD.**

/s/
TROY D. SISUM, ESQUIRE
FRANCIS J. DEASEY, ESQUIRE
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
*Pro Hac Vice* Attorneys for Defendant, Active Crane Rentals, Inc.

**REGER RIZZO KAVULICH & DARNALL, LLP**

/s/   Louis J. Rizzo, Jr.
Louis J. Rizzo, Jr., Esquire
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
Attorney for Defendant, Active Crane Rentals, Inc.

Date:   March 6, 2006