IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| **ALTAIR LINES, S.A.,** | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| Third-Party Defendant. | : | |
| v. | : | |
| **MURPHY MARINE SERVICES, INC., and MAGCO CRANE RENTALS,** | : | |
| Fourth-Party Defendants. | : | |

**DEFENDANT ACTIVE CRANE RENTALS, INC.'S FOURTH-PARTY COMPLAINT
AGAINST MURPHY MARINE SERVICES, INC. AND MAGCO CRANE RENTALS
PURSUANT TO F.R.C.P. 14(c) AND (a)**

Defendant and Fourth-Party plaintiff, Active Crane Rentals, Inc. (hereinafter "Active Crane"), by and through their undersigned counsel, Reger Rizzo Kavulich & Darnall, LLP, hereby submits the following Fourth Party Complaint pursuant to Fed. R. Civ. P. 14(c) and, alternatively, 14(a), against Murphy Marine Services, Inc. (hereinafter "Murphy Marine") and Magco Crane Rentals (hereinafter "Magco Crane") and alleges upon information and belief as follows:

1. Defendant and Third-Party plaintiff, Altair Lines, S.A. (hereinafter "Altair") filed a Third-Party Complaint against defendant and Third-Party plaintiff, Active Crane, in the United

States District Court for the District of Delaware, a true and correct copy of which is attached hereto as "Exhibit A".

2.Defendant, Active Crane, filed its Answer to Complaint on or about March 30, 2006, a true and correct copy of which is attached hereto as "Exhibit B."

3.This Court has subject matter jurisdiction over this Fourth-Party Complaint under 28 U.S.C. §1333 (granting original jurisdiction to the Court in civil cases dealing with admiralty or maritime jurisdiction). This Court also has subject matter jurisdiction over this Fourth-Party Complaint pursuant to pendent, ancillary and supplemental jurisdiction under 28 U.S.C. § 1367.

4.Defendant, Active Crane, repeats and reiterates each and every allegation of its Answer to Defendant, Altair's Third-Party Complaint ("Exhibit B") as if same were set forth herein at length.

5.At all times relevant hereto, defendant/Fourth-Party plaintiff, Active Crane, was a corporation organized and existing under the laws of the State of Delaware, with an office and principal place of business at 103 Water Street, Newport, Wilmington, Delaware.

6.At all times relevant hereto, defendant, Murphy Marine, was a corporation existing under the laws of the State of Delaware, with an office located at 1050 Christiana Avenue, Port of Wilmington, Wilmington, Delaware 19801.

7.At all times relevant hereto, defendant, Magco Crane, was a corporation existing under the laws of the State of New Jersey, with an office located at 2610 S. Blackhorse Pike, Williamstown, New Jersey, 08096.

8.At all times relevant hereto, defendant, Magco Crane was a business that provided crane rental services to customers in the Wilmington, Delaware area including defendant/Fourth-Party plaintiff, Active Crane and/or Fourth-Party defendant, Murphy Marine.

9.  Plaintiff, Michael Roberts, alleges that he sustained personal injuries as a result of an incident that allegedly occurred on or about June 30, 2003, while discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal, Wilmington, Delaware, as an employee of stevedore Murphy Marine, said liability, injuries, and allegations being denied by Active Crane. A copy of plaintiff, Michael Roberts, Complaint is attached hereto as "Exhibit C."

10. Plaintiff, Michael Roberts, alleges that the operator of the crane that was being used at the time of the alleged incident "negligently caused a pallet of frozen meat to swing while being lifted from the cargo hold. The pallet struck Roberts ...", said allegations of plaintiff being denied by defendant/Fourth-Party plaintiff, Active Crane. See "Exhibit C".

11. Defendant/Third-Party plaintiff, Altair, alleges that the crane involved in the alleged incident was owned, operated, maintained, provided and controlled by defendant/Fourth-Party plaintiff, Active Crane and/or its agents, said liability, injuries, and allegations being denied by Active Crane.

12. If the allegations contained in plaintiff, Michael Robert's Complaint, or defendant/Third-Party plaintiff, Altair's Third-Party Complaint are proven to be true, which is denied by defendant/Fourth-Party plaintiff Active Crane, the crane that plaintiff, Michael Roberts was involved in the alleged incident was owned, operated, maintained, provided and controlled by Magco Crane and/or its agents.

13. If the allegations contained in plaintiff, Michael Robert's Complaint, or defendant/Third-Party plaintiff, Altair's Third-Party Complaint are proven to be true, which is denied by defendant/Fourth-Party plaintiff Active Crane, then any alleged accident, injuries, losses and damages claimed by plaintiff, Michael Roberts were caused by the negligence, breaches of warranty and/or breaches of implied warranties of Fourth-Party defendant, Magco Crane, who was fully

responsible for the operation, maintenance, and control of the crane(s) utilized to discharge the cargo from the M/V SHINANO REEFER on or about June 10, 2003.

14. If the allegations contained in plaintiff, Michael Robert's Complaint, or defendant/Third-Party plaintiff, Altair's Third-Party Complaint are proven to be true, which is denied by defendant/Fourth-Party plaintiff Active Crane, then Fourth-Party defendant, Magco Crane, should be held directly liable to the plaintiff, and should be required to indemnify the defendant/Fourth-Party plaintiff, Active Crane for all sums which it may be required to pay, including attorneys' fees and other costs of defending this action.

15. Under the terms and conditions of the rental agreement between defendant/Fourth-Party plaintiff, Active Crane and Fourth-Party defendant, Murphy Marine,

> ". . . Lessee agrees to hold Lessor harmless for loss, damage and expense resulting from the operation of the above mentioned equipment either bodily injury or property damage including damage or loss to the equipment leased hereby, and agrees to defend lessor from all suits resulting from above operation.  The lessee further agrees to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for property damage in favor of Active Crane Rentals, Inc., covering the operation of the above equipment."

See copy of the rental agreement, attached hereto as "Exhibit D".

16. If the allegations contained in plaintiff, Michael Robert's Complaint, or defendant/Third-Party plaintiff, Altair's Third-Party Complaint are proven to be true, which is denied by defendant/Fourth-Party plaintiff Active Crane, then Fourth-Party defendant, Murphy Marine, should be directly liable to the plaintiff, and should be required to indemnify the defendant/Fourth-Party plaintiff, Active Crane for all sums which it may be required to pay, including attorneys' fees and other costs of defending this action.

### COUNT I
### COMMON LAW CLAIM FOR CONTRIBUTION AND INDEMNITY
### DEFENDANT/FOURTH-PARTY PLAINTIFF ACTIVE CRANE RENTALS, INC. V.

## *MAGCO CRANE RENTALS AND MURPHY MARINE SERVICES*

17.     Defendant/Fourth-Party plaintiff, Active Crane incorporates by reference paragraphs 1 through 16 above, as though same were set forth fully below.

18.     Defendant/Fourth-Party plaintiff, Active Crane specifically deny that they were in any way negligent and/or that they are liable for causing the injuries and damages of which plaintiff, Michael Roberts, complains.  However, in the event that an award is entered in favor of plaintiff, Michael Roberts, then defendant/Fourth-Party plaintiff, Active Crane avers that Additional defendants, Magco Crane and Murphy Marine are solely liable to plaintiff, Michael Roberts. Alternatively, in the event that an aware is entered in favor of plaintiff, Michael Roberts, and against defendant/Fourth-Party plaintiff, Active Crane, then defendant/Fourth-Party plaintiff, Active Crane avers that additional defendants, Magco Crane and Murphy Marine are jointly and severally liable with defendant/Fourth-Party plaintiff, Active Crane to Plaintiff, Michael Roberts, and/or additional defendants, Magco Crane and Murphy Marine are liable over to defendant/Fourth-Party plaintiff, Active Crane for contribution and/or immunity on Michael Roberts' claim for injuries and damages.

*WHEREFORE*, defendant/Fourth-Party plaintiff, Active Crane, respectfully request that in the event that judgment is entered in favor of plaintiff, Michael Roberts, that said judgment be entered solely against additional defendants, Magco Crane and Murphy Marine, or alternatively, that in the event that judgment is entered in favor of plaintiff, Michael Roberts, and against defendant/Fourth-Party plaintiff, Active Crane, then additional defendants, Magco Crane and Murphy Marine, be held jointly and severally liable with defendant/Fourth-Party plaintiff, Active Crane and defendant/Third-Party plaintiff, Altair Lines, SA, to plaintiff, Michael Roberts, or liable over to defendant/Fourth-Party plaintiff, Active Crane for contribution and/or indemnity, and that, in any event, judgment be entered in favor of defendant/Fourth-Party plaintiff, Active Crane, and

against all other parties, together with attorneys' fees and costs, and such other relief as the court may deem appropriate.

## COUNT II
## CONTRACTUAL CLAIM FOR DEFENSE AND INDEMNITY
## DEFENDANT/FOURTH-PARTY PLAINTIFF ACTIVE CRANE RENTALS, INC. V. MURPHY MARINE SERVICES

19. Defendant/Fourth-Party plaintiff, Active Crane incorporates by reference paragraphs 1 through 19 above, as though same were set forth fully below.

20. Pursuant to the aforementioned rental agreement, defendant/Fourth-Party plaintiff, Active Crane is identified as "Lessor", and additional defendant, Murphy Marine, is identified as "Lessee".

21. Under the terms of the rental agreement, additional defendant, Murphy Marine, is obligated to defend, indemnify and hold, defendant/Fourth-Party plaintiff, Active Crane, harmless against the claims alleged by plaintiff, Michael Roberts, in this action.

22. Defendant/Fourth-Party plaintiff, Active Crane, is entitled under the aforementioned rental agreement to be defended and indemnified in this matter and demands that additional defendant, Murphy Marine, defend, indemnify and hold defendant/Fourth-Party plaintiff, Active Crane, harmless against the claims alleged by plaintiff, Michael Roberts, in this action, and further demands that additional defendant, Murphy Marine, be held responsible for, and indemnify defendant/Fourth-Party plaintiff, Active Crane, for all attorneys' fees and costs which have been and will be incurred by defendant/Fourth-Party plaintiff, Active Crane, in connection with the defense of this matter.

**WHEREFORE**, defendant/Fourth-Party plaintiff, Active Crane, respectfully request that additional defendant, Murphy Marine, be held liable to defendant/Fourth-Party plaintiff, Active

Crane, on their claim for defense and contractual indemnity, and that judgment be entered in its favor and against additional defendant, Murphy Marine in accordance therewith.

## COUNT III
## BREACH OF CONTRACT
## DEFENDANT/FOURTH-PARTY PLAINTIFF ACTIVE CRANE RENTALS, INC. V. MURPHY MARINE SERVICES

23.   Defendant/Fourth-Party plaintiff, Active Crane incorporates by reference paragraphs 1 through 22 above, as though same were set forth fully below.

24.   Under the terms of the rental agreement, additional defendant, Murphy Marine, was obligated to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for property damage in favor of defendant/Fourth-Party plaintiff, Active Crane, to cover the operation of the equipment allegedly involved in the instant litigation.

25.   To the extent that additional defendant, Murphy Marine, has failed to insure that defendant/Fourth-Party plaintiff, Active Crane is named as an additional insured on its insurance policy and/or failed to make its coverage primary, Additional Defendant, Murphy Marine Services, has breached its contract with defendant/Fourth-Party plaintiff, Active Crane.

**WHEREFORE**, defendant/Fourth-Party plaintiff, Active Crane, respectfully request that additional defendant, Murphy Marine, be held liable to defendant/Fourth-Party plaintiff, Active Crane, on its breach of contract claim, that additional defendant, Murphy Marine, be ordered to indemnify defendant/Fourth-Party plaintiff, Active Crane, and that judgment be entered in its favor and against additional defendant, Murphy Marine, in accordance therewith.

**REGER RIZZO KAVULICH & DARNALL, LLP**

BY:   /s/ *Louis J. Rizzo, Jr.*
      LOUIS J. RIZZO, JR., ESQUIRE
      Bar I.D. # 3374
      1001 Jefferson Plaza, Suite 202
      Wilmington, DE   19801
      (302) 652-3611
      Attorney for Defendant, Active Crane Rentals, Inc.

Date:_____

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| **ALTAIR LINES, S.A.,** | : | |
| **Defendant/Third-Party Plaintiff,** | : | |
| v. | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| **Third-Party Defendant.** | : | |
| v. | : | |
| **MURPHY MARINE SERVICES, INC., and MAGCO CRANE RENTALS,** | : | |
| **Fourth-Party Defendants.** | : | |

    The undersigned attorney hereby certifies that a true and correct copy of Defendant, Active Crane Rental's Fourth-Party Complaint and accompanying Exhibits were filed using CM/ECF, which will send notification of such filing to all parties. I further certify that a courtesy copy of the foregoing has been served on the counsel listed below by first-class mail, postage prepaid:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**

Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

**REGER RIZZO KAVULICH & DARNALL, LLP**

BY:   /s/ *Louis J. Rizzo, Jr.*
      LOUIS J. RIZZO, JR., ESQUIRE
      Bar I.D. # 3374
      1001 Jefferson Plaza, Suite 202
      Wilmington, DE  19801
      (302) 652-3611
      Attorney for Defendant, Active Crane Rentals, Inc.

Date:_____