IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| ALTAIR LINES, S.A., | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | JURY TRIAL DEMANDED |
| ACTIVE CRANE RENTALS, INC., | : | |
| Third-Party Defendant. | : | |

## ANSWER TO DEFENDANT ALTAIR LINES S.A.'S THIRD-PARTY COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM ON BEHALF OF ACTIVE CRANE RENTALS, INC.

Defendant, Active Crane Rentals, Inc. (hereinafter "Answering Defendant"), by and through their undersigned counsel, Deasey, Mahoney & Bender, Ltd., hereby answer the Third-Party Complaint filed by Defendant/Third-Party Plaintiffs, Altair Lines, S.A. (Hereinafter "Altair"), as follows:

1. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 1 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

2. Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 2 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

3. Denied. The averments contained in paragraph 3 constitute conclusions of law to which no response is required. To the extent, however, that said averments are factual, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 3 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

4. Paragraph 4 of the Third-Party Complaint contain no averments which require a response from Answering Defendant. To the extent that paragraph 4 of the Third-Party Complaint contains any factual averments, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 4 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

5. Denied. After reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 5 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

6. Admitted.

7. Admitted.

8. Denied as stated. Answering Defendant only admits that they provided a crane to Murphy Marine Services on or about June 30, 2003. Answering Defendant denies the remaining averments of paragraph 8 of the Third-Party Complaint, and demands strict proof at the time of trial.

9. Answering Defendant denies the averments of paragraph 9 of the Third-Party Complaint, and demands strict proof at the time of trial.

10. Denied. Plaintiff's complaint, as a written document, speaks for itself. To the extent, however, that the averments of paragraph 10 of the Third-Party Complaint are deemed factual, after

reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 10 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

11. Denied. Plaintiff's complaint, as a written document, speaks for itself. To the extent, however, that the averments of paragraph 11 of the Third-Party Complaint are deemed factual, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 11 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

12. Denied. The averments contained in paragraph 12 constitute conclusions of law to which no response is required. To the extent, however, that said averments are factual, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 12 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

13. Denied. The allegations set forth in paragraph 13 of the Third-Party Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, Answering Defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and Plaintiff, Michael Robert's resulting injuries and damages. Answering Defendant specifically denies that they breached any express and/or implied warranty at any time relevant hereto. Answering Defendant specifically denies that they should be directly liable to Plaintiff, Michael Roberts, or be required to indemnify Defendant/Third-Party Plaintiff Altair for any and all sums which it may be required to pay, including attorneys' fees

or any other costs of defense.

14. Denied. The averments contained in paragraph 14 constitute conclusions of law to which no response is required. To the extent, however, that said averments are factual, after reasonable investigation, Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 14 of the Third-Party Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

15. Denied. The allegations set forth in paragraph 15 of the Third-Party Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, Answering Defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and Plaintiff, Michael Robert's resulting injuries and damages. Answering Defendant specifically denies that they breached any alleged duty owed to the Defendant/Third-Party Plaintiff Altair at any time relevant hereto.

16. Denied. The allegations set forth in paragraph 16 of the Third-Party Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, Answering Defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and/or that their conduct was willful and wanton, reckless or want of reasonable care at any time relevant hereto. Answering Defendant specifically denies that any action or conduct on their part caused or contributed to the cause of the alleged incident and Plaintiff, Michael Robert's resulting injuries, losses and damages. Answering Defendant specifically denies that they breached any express and/or implied warranty at any time relevant hereto. Answering

Defendant specifically denies that they should be directly liable to Plaintiff, Michael Roberts, or be required to indemnify Defendant/Third-Party Plaintiff Altair for any and all sums which it may be required to pay, including attorneys' fees or any other costs of defense.

17. Denied. The allegations set forth in paragraph 17 of the Third-Party Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, Answering Defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and Plaintiff, Michael Robert's resulting injuries and damages. Answering Defendant specifically denies that they breached any express and/or implied warranty at any time relevant hereto. Answering Defendant specifically denies that they should be directly liable to Plaintiff, Michael Roberts, or be required to indemnify Defendant/Third-Party Plaintiff Altair for any and all sums which it may be required to pay, or contribute to any verdict and/or settlement that Defendant/Third-Party Plaintiff Altair may be required to pay directly to Plaintiff, Michael Roberts, including attorneys' fees or any other costs of defense in the Third-Party Action and/or underlying action.

18. Denied. The allegations set forth in paragraph 18 of the Third-Party Complaint set forth conclusions of law to which no response is required. Accordingly, said allegations are denied, and strict proof is demanded at trial. To the extent a response may be deemed to be required, Answering Defendant specifically denies that they were negligent and/or careless in any respect at any time relevant hereto, and further specifically deny that any action or conduct on their part caused or contributed to the cause of the alleged incident and Plaintiff, Michael Robert's resulting injuries and damages. Answering Defendant specifically denies that they breached any express and/or

implied warranty at any time relevant hereto. Answering Defendant specifically denies that they should be directly liable to Plaintiff, Michael Roberts, or be required to indemnify Defendant/Third-Party Plaintiff Altair for any and all sums which it may be required to pay, or contribute to any verdict and/or settlement that Defendant/Third-Party Plaintiff Altair may be required to pay directly to Plaintiff, Michael Roberts.

**WHEREFORE,** Answering Defendant respectfully requests that Defendant/Third-Party Plaintiff Altair's Third-Party Complaint be dismissed in its entirely and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to set and state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.*

### THIRD AFFIRMATIVE DEFENSE

Answering defendant avers upon information and belief that as a result of the injuries alleged in this suit, Plaintiff received compensation benefits through the Longshore and Harbor Workers' Compensation Act from his employer or his employer's insurer. Plaintiff is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the plaintiff under any provisions of the LHWCA to which plaintiff's employer or his employer's insurer has thereby become subrogated.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest to the extent that plaintiff's claim(s) or any portion

thereof has been statutorily re-assigned to the stevedore employer pursuant to §933(b) of the LHWCA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or losses were entirely or substantially caused by the negligence of Plaintiff, Michael Robert's employer and/or the negligence of other parties and/or entities for whom the Answering Defendant has no responsibility.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant avers that this claim against it is barred by the doctrines of estoppel, borrowed servant, laches and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statute of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant claims benefit of all rights and defenses of the Limitation Statutes of the United States, including those set forth in the Limitation of Liability Act, 46 U.S.C. § 183, *et seq.*

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged accident, injuries and/or damages were caused by his own contributory negligence and, therefore, Plaintiff's complaint is barred or any recovery by Plaintiff must be reduced by the percentage share of Plaintiff's negligence.

### TENTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff's employer, an expert and experienced stevedoring contractor, had exclusive possession, custody and control of and over the subject vessel, including her cargo, decks, hatches and appurtenances. Moreover, it was the expert stevedore

who directed, supervised, controlled, and performed all cargo operations aboard said vessel. Moreover, it was the stevedore who operated, directed and was responsible for any shoreside cranes used in said cargo operations.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff was at no time a seaman and the Jones Act has no application to this case.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate his damages.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff, Michael Roberts and/or Defendant/Third-Party Plaintiff Altair failed to join all necessary and indispensable parties.

### FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant did not owe Plaintiff any duty. To the extent that Answering Defendant did owe any duty to Plaintiff, it discharged those duties properly.

**WHEREFORE,** Answering Defendant respectfully requests that Defendant/Third-Party Plaintiff Altair's Third-Party Complaint be dismissed in its entirely and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

### CROSS-CLAIM OF ANSWERING DEFENDANT AGAINST DEFENDANT/THIRD-PARTY PLAINTIFF ALTAIR LINES, S.A.

If plaintiff's allegations are established at trial and there is liability against Answering Defendant as claimed by plaintiff, Michael Roberts, said claim being denied, then as a result of the negligent acts, breaches or omissions of defendant/third-party plaintiff Altair, as more fully set forth in plaintiff, Michael Robert's complaint (which allegations are incorporated herein for

the purposes of this crossclaim), defendant/third-party plaintiff Altair is alone liable to plaintiff, Michael Roberts, or are jointly and severally liable to plaintiff, Michael Roberts with Answering Defendant, or are liable over to Answering Defendant for contribution and/or indemnity.

**WHEREFORE,** Answering Defendant prays that in the event Judgment is entered in favor of Plaintiff, Michael Roberts, that said Judgment is entered solely against Defendant/Third-Party Plaintiff Altair and/or in the event Judgment is entered in favor of Plaintiff, Michael Roberts and against Answering Defendant, that Defendant/Third-Party Plaintiff Altair be held jointly and severally liable to Plaintiff, Michael Roberts, and that, in any event, judgment be entered in favor of Answering Defendant, Active Crane Rentals, Inc., and against all other parties, together with attorneys' fees and costs, and such other relief as the court may deem appropriate.

**DEASEY, MAHONEY & BENDER, LTD.**

/s/
_____
TROY D. SISUM, ESQUIRE
FRANCIS J. DEASEY, ESQUIRE
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
*Pro Hac Vice* Attorneys for Defendant, Active Crane Rentals, Inc.

**REGER RIZZO KAVULICH & DARNALL, LLP**

/s/   Louis J. Rizzo, Jr.
_____
Louis J. Rizzo, Jr., Esquire
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
Attorney for Defendant, Active Crane Rentals, Inc.

Date: March 30, 2006