03/07/06 11:23 FAX 630 428 9911   ADMIRAL INS   ☒014
03/01/2006 09:23 FAX 856 396 0380   HORAN GOLDMAN   NO. 8067 P. 13
FEB. 28. 2006 4:31PM   IMA INSURANCE   215 7457   P. 11
FEB-17-2006 FRI 02:41 PM   ACTIVE CRANE   FAX No. 3029998789   P. 001

# CIVIL COVER SHEET

05 - 454

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Michael Roberts

**DEFENDANTS**
M/V SHINANO REEFER, in personam
Vessel (N/A)

(b) County of Residence of First Listed Plaintiff: New Castle DE
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant:
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number): Peter E. Hess
P.O. Box 7253, Wilmington DE 19803-7253
(302) 777-1715

Attorneys (If Known)

**II. BASIS OF JURISDICTION**
☒ 3 Federal Question

**III. CITIZENSHIP OF PRINCIPAL PARTIES**
(For Diversity Cases Only)

**IV. NATURE OF SUIT**
340 Marine (circled)

**V. ORIGIN**
☒ 1 Original Proceeding

**VI. CAUSE OF ACTION**
Longshore & Harbor Workers Act, Jones Act, 28 USC 91446
Plaintiff was injured due to negligence of vessel

**VII. REQUESTED IN COMPLAINT:**
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
JUDGE   DOCKET NUMBER

DATE: June 20 2005
SIGNATURE OF ATTORNEY OF RECORD: Peter E. Hess

FOR OFFICE USE ONLY
RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Case 1:05-cv-00454-GMS   Document 22-4   Filed 04/06/2006   Page 2 of 5

03/01/2006 09:23 FAX 856 396 0380     HORAN GOLDMAN
FEB. 28. 2006  4:31PM    IMA INSURANCE                215 7457  NO. 8067   P. 14
FEB-17-2006 FRI 02:41 PM  ACTIVE CASE    FAX No. 3029998789           P. 002

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

MICHAEL ROBERTS,
Plaintiff
-vs.-
M/V SHINANO REEFER
in personam
Defendant.

C.A. No. 05-454
JURY TRIAL
DEMANDED.

### VERIFIED COMPLAINT

Comes now, the Plaintiff, MICHAEL ROBERTS, by and through his attorney, PETER E. HESS, Esq. and alleges and avers as follows:

1) This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2) This is a third party admiralty action arising out of the Longshoreman and Harborworkers Act, providing a cause of action for a longshoreman injured onboard a vessel. Pursuant to 28 U.S.C. §1916, such longshoreman are entitled to the rights and remedies of a seaman and are therefor permitted to bring this action without prepayment of costs, fees or the furnishing of security by the plaintiff.

### I. The Parties

3) Michael Roberts ("Roberts") is a domicile of the State of Delaware whose residence is in Wilmington, Delaware.

4) The in personam Defendant is a marine vessel engaged in maritime commerce regularly conducted at the Diamond State (Wilmington) Marine Terminal. Its Delaware shipping agent is Norton Lilly International, located at 11 Gist Rd., Wilmington, Delaware 19801.

## II. The Facts

5) On June 30, 2003, Roberts was employed as a longshoreman for Murphy Marine, Inc. at the Diamond State Marine Terminal in Wilmington, Delaware, assigned to unload a palletized cargo of frozen meat from the Defendant vessel.

6) Standing in a spot designated by his supervisor, Roberts was assisting in the unloading of pallets by crane in order to make room for a forklift in the cargo hold. The vessel's crane, being operated by a non-Murphy employee, negligently caused a pallet of frozen meat to swing while being lifted from the cargo hold. The pallet struck Roberts, crushing him against a metal bulkhead on the vessel.

7) Roberts sustained, *inter alia*, the following injuries: three broken ribs, a separation of his left shoulder, lumbar strain and sprain, a broken tooth and groin injuries. He was evacuated from the vessel by ambulance.

8) Roberts has since undergone extensive medical treatment, including surgery, for the injuries he sustained onboard the *SHINANO REEFER*. Roberts continues to require periodic medical treatment to deal with these injuries.

## III. Negligence

9) The Plaintiffs incorporate and re-allege allegations 1) - 8).

10) This is an action for the vessel's negligence to a business licensee lawfully onboard the vessel and assisting it in the conduct of maritime commerce.

11) The standard for a finding of negligence by the vessel under the Jones Act is "featherweight": any liability, however slight, gives rise to a finding of such Jones Act negligence.

12) The vessel was negligent, *inter alia*, in the following manner:

a) by improperly lifting the pallet of frozen meat, causing it to swing and strike Roberts; and

2

AO FORM 85 RECEIPT (REV. 9/04)

United States District Court for the District of Delaware

Civil Action No. 05 - 454

## ACKNOWLEDGMENT
## OF RECEIPT FOR AO FORM 85

## NOTICE OF AVAILABILITY OF A
## UNITED STATES MAGISTRATE JUDGE
## TO EXERCISE JURISDICTION

I HEREBY ACKNOWLEDGE RECEIPT OF ___2___ COPIES OF AO FORM 85.

_June 30, 2005_
(Date forms issued)

_[signature]_
(Signature of Party or their Representative)

_Peter E. Hess_
(Printed name of Party or their Representative)

_Plaintiff's Attorney_

Note: Completed receipt will be filed in the Civil Action

b) By failing to provide adequate safety instruction to longshoremen working onboard the SHINANO REEFER.

WHEREFOR, Plaintiff Roberts prays for a finding of negligence by the Defendant vessel and for the imposition of a judgment for compensatory and special damages, lost wages and lost earning capacity, temporary and permanent disability, disfigurement, pain and suffering, the intentional infliction of emotional distress, humiliation, aggravation, and such other damages as are just and reasonable.

### V. Unseaworthiness

13) The Plaintiffs incorporate and re-allege allegations 1) - 12).

14) This is an action for the unseaworthiness of the vessel under the general maritime law.

15) The vessel is liable to Roberts for its unseaworthiness in *inter alia*, the following respects:

a) by failing to adequately train its crane operators; and

b) by not adequately supervising crane operations so as to ensure that pallets could be unloaded without swinging dangerously.

WHEREFOR, Plaintiff Roberts prays for a finding of the unseaworthiness of the vessel and the imposition of a judgment on his behalf for compensatory and special damages, lost wages and lost earning capacity, temporary and permanent disability, disfigurement, pain and suffering, the intentional infliction of emotional distress, humiliation, aggravation, and such other damages as are just and reasonable.

Respectfully submitted,

June 30, 2005
Dated

ATTORNEY FOR PLAINTIFF
MICHAEL ROBERTS

PETER E. HESS, Esq.
P.O. Box 7753
Wilmington, DE 19803
ph: (302) 777-1715
DE Bar No. 2298

3