IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 05-cv-0454 (GMS) |
| ALTAIR LINES, S.A. | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| Third-Party Defendant/Fourth-Party Plaintiff, | : | |
| v. | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS, | : | |
| Fourth-Party Defendants. | : | |

**FOURTH PARTY DEFENDANT MURPHY MARINE SERVICES, INC'S MOTION TO DISMISS COUNTS I AND II OF THE FOURTH PARTY COMPLAINT AND TO STRIKE IMPLEADER UNDER RULE 14(c)**

Fourth Party Defendant Murphy Marine Services, Inc. ("Murphy Marine"), by and through its counsel, files this Motion to Dismiss Counts I and II of Third Party Defendant/Fourth Party Plaintiff Active Crane Rentals Inc.'s Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and to strike impleader under Rule 14(c). Murphy Marine submits that Counts I and II of the Fourth Party Complaint each fail to state a claim upon which relief can be granted because the Longshore and Harbor Workers Compensation Act bars common-law (tort based) contribution and indemnity claims against Murphy Marine and the contractual indemnity claim is insufficient as a matter of law to require indemnification of Active for its own negligence.

Murphy Marine further submits that Rule 14(c) is inapplicable and does not provide a basis to implead Murphy Marine. Accordingly, Murphy Marine seeks the entry of an Order dismissing Counts I and II of Active Crane Rentals, Inc.'s Fourth Party Complaint against Murphy Marine, with prejudice and striking impleader under Rule 14(c) and all references thereto.

In support of its Motion to Dismiss, Murphy Marine submits the following:

1. This case arises out of an alleged accident involving an employee of Murphy Marine, Michael Roberts, on June 30, 2003. See Plaintiff's Complaint, D.I. #1.

2. Plaintiff alleges that he was in the cargo hold of the M/V SHINANO REEFER assisting in the unloading of pallets from the vessel and was injured when the vessel's crane caused a pallet of frozen meat to strike him. See Plaintiff's Complaint, D.I. #1, ¶6.

3. Plaintiff sued the vessel owner, who filed a Third Party Complaint against Active Crane Rentals, Inc., (hereinafter "Active") who allegedly rented the crane and its operators for use in unloading the vessel. See Third Party Complaint, D.I. # 8.

4. Active then filed a Fourth Party Complaint against plaintiff's employer Murphy Marine, who rented the crane from Active, and Magco Rentals, who apparently supplied the crane operators. See Fourth Party Complaint, D.I. #22.

5. The Fourth Party Complaint purports to implead Murphy Marine under both Rule 14(c) and, alternatively, Rule 14(a). See D.I. #22, page 1.

6. Active's Complaint makes three claims against Murphy Marine, a tort-based common law claim for contribution and/or indemnity (See D.I. #22, Count I); a contractual claim for defense and indemnity (See D.I. #22, Count II) and a claim for breach of contract (See D.I. #22, Count III).

7. Count II of the Third Party Complaint relies on an alleged agreement between Active and Murphy Marine, which provides as follows:

> Lessee agrees to hold Lessor harmless for loss, damage and expenses resulting from the operation of the [crane] either bodily injury or property damage including damage or loss to the equipment leased hereby, and agrees to defend lessor from all suits resulting from above operation. The lessee further agrees to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for property damage in favor of Active Crane Rentals, Inc., covering the operation of the above equipment.

See D.I. #22, ¶15; Count II.

8. Count I of the Fourth Party Complaint must be dismissed because it is clear that all tort-based claims for contribution and/or indemnity against plaintiff's employer, Murphy Marine, are barred by the terms of the Longshore and Harbor Workers Compensation Act. (33 U.S.C. § 901, et. seq.).

9. Count II of the Fourth Party Complaint must be dismissed because, as a matter of law, the alleged agreement between Murphy Marine and Active is insufficient to require that Murphy Marine indemnify Active for its own negligence.

10. Impleader under Rule 14(c) and all references thereto should be stricken since Rule 14(c) simply does not apply.

11. For the reasons stated herein and within the attached Brief in Support of Murphy Marine's Motion to Dismiss Counts I and II of the Fourth Party Complaint and to Strike Impleader under Rule 14(c), Murphy Marine requests the entry of an Order dismissing Counts I and II of the Fourth Party Complaint against Murphy Marine, with prejudice, and striking impleader under Rule 14(c) and all references thereto.

WHEREFORE, Fourth Party Defendant, Murphy Marine Services, Inc., respectfully requests the entry of an Order granting its Motion to Dismiss Counts I and II of the Fourth Party Complaint and striking impleader under Rule 14(c) and all references thereto.

                                        Respectfully submitted,

                                        HOLLSTEIN KEATING CATTELL
                                        JOHNSON & GOLDSTEIN P.C.

By:    /s/ Lynne M. Parker
       Lynne M. Parker, Bar ID No. 2811
       1201 N. Orange Street, Suite 730
       Wilmington, Delaware 19801
       (302) 884-6700
       lparker@hollsteinkeating.com
       Attorneys for Fourth Party Defendant
       Murphy Marine Services, Inc.