IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| v. | : | No. 05-cv-0454 (GMS) |
| | : | |
| ALTAIR LINES, S.A. | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| | : | |
| Third-Party Defendant/Fourth-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS, | : | |
| | : | |
| Fourth-Party Defendants. | : | |

**BRIEF IN SUPPORT OF THE MOTION TO DISMISS AND TO STRIKE IMPLEADER
<u>UNDER RULE 14(C) OF MURPHY MARINE SERVICES, INC.</u>**

HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN P.C.
Lynne M. Parker, Bar ID No. 2811
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
(302) 884-6700
lparker@hollsteinkeating.com
Attorneys for Fourth Party Defendant
Murphy Marine Services, Inc.

{7576.00027:AGM1904}

# I.  TABLE OF CONTENTS

I.    TABLE OF CONTENTS………………………………………….....…..…….…..2

II.   TABLE OF AUTHORITIES……………………………………...……3, 4

III.  NATURE OF PROCEEDINGS……………………………….…..……….…5

IV.   SUMMARY OF ARGUMENT………………………………………...……….5

V.    STATEMENT OF FACTS………………………………………….……5, 6

VI.   ARGUMENT……………………………………...………………….....6, 7

    A.  Count I of the Fourth Party Complaint is Barred
by the LHWCA………………………………………………….…....…..8

    B.  Count II Must Fail Because the Alleged Agreement to
Indemnify Does Not, As a Matter of Law, Require that
Murphy Marine Indemnify Active for Active's
Own Negligence……………………………………………………….9, 10, 11

    C.  Impleader is Improper Under Rule 14(c) and
Impleader Under Rule 14(c) Should be Stricken
Along With Any Reference Thereto…………………………….....11, 12, 13

VII.  CONCLUSION……………………………………………………....…....13

## II.     TABLE OF AUTHORITIES

**CASES:**

Altemus v. Pennsylania Railroad Company,……………………………………...……………10
210 F.Supp. 834 (D. Del. 1962)

Colburn v. Upper Darby Twp., 838 F.2d 663 (3d Cir. 1988)…………………………..………7

Conley v. Gibson, 355 U.S. 41 (1957)……………………………………………...……….…7

Delaware Power and Light Co. v. Mayor & Council,………………………………….………10
200 A.2d. 840 (Del. Super. 1964);

Graves v. Lowery, 117 F.3d 723 (3d Cir. 1997)…………………………………...………….7

Hollingsworth v. Chrysler Corp., 208 A.2d 61 (Del. Super.1965)…..………………..…………10

James v. Getty Oil Company, 472 A.2d 33 (Del. Super. 1983)………………………....………9

Kane v. Fireston Steel Products Co. v. Northern Metal Company,……………….………...…8
463 F.Supp. 473 (E.D.PA. 1978)

Ketchum v. Gulf Oil Co., 798 F.2d. 159 (5th Cir. 1986)……………………………..……8

Markowitz v. Northeast Landco, 906 F.2d 100 (3d Cir. 1990)……………………….....……..7

Morse v. Lower Merion Sch. Dist., 132 F.3d 902 (3d Cir. 1997)…………….…...….….…..7

Myers v. J.A. McCarthy, Inc. et al., 428 F.Supp………………………………….......……8
656, 659 (E.D.PA. 1977)

Pan American World Airways v. United Aircraft Corp..…………………………………….……10
163 A.2d 582 (Del. Supr. 1960)

Pennsylvania Railroad Company v. Gulf Oil Corp.,……………………….………….……..10
223 A.2d 79 (Del. Super. 1966)

Powell v. Interstate Vendaway, Inc……………………………………….……9
300 A.2d. 241 (Del. Super. 1972)

State of Delaware v. Amiesite Corp., 297 A.2d 41 (Del. Supr. 1972)………………....……9

Sweetman v. Strescon Industries, Inc. 389 A. 2d 319……………………………….……10
(Del. Super. 1978).

Triguero v. Consolidated Rail Corp., 932 F.2d 95 (2d Cir. 1991)……………………………..8

3

## II.     TABLE OF AUTHORITIES (continued)

**STATUTES**

33 U.S.C. § 904……………………………………………………………….……...………8

33 U.S.C. § 905……………………………………………………………………….....…8, 9

33 U.S.C. § 905(a)……………………………………………………………….…..………13

**RULES**

F.R.C.P. 14(a)…………………………………………………..…………………………..………10

F.R.C.P.  14(c)……………………………………………….…………………….…………10

F.R.C.P. 12(f)…………………………………………………………...………….………..11

F.R.C.P. Supplemental Rule C(6)(b)………………………………….……......…………11

F.R.C.P. Supplemental Rule C(6)(b)(i)………………………….…….……....…………11

### III. NATURE OF PROCEEDINGS

This action arises out of a claim under the Longshore and Harbor Workers Compensation Act asserted by plaintiff Michael Roberts arising out of an alleged accident on June 30, 2003. Plaintiff was an employee of Fourth Party Defendant Murphy Marine Services, Inc. Plaintiff originally sued the shipowner, Altair Lines, S.A., who filed a Third Party Complaint against Active Crane Rentals, Inc. Active Crane Rentals Inc then filed a Fourth Party Complaint against Murphy Marine Services, Inc. and Magco Crane. Murphy Marine Services, Inc. ("Murphy Marine") now moves to dismiss Counts I and II of that Fourth Party Complaint and to strike impleader under Rule 14(c).

### IV. SUMMARY OF ARGUMENT

Murphy Marine submits that Counts I and II of the Fourth Party Complaint each fail to state a claim upon which relief can be granted because the Longshore and Harbor Workers Compensation Act bars common-law (tort based) contribution and indemnity claims against Murphy Marine and the contractual indemnity claim is insufficient as a matter of law to require indemnification of Active for its own negligence. Murphy Marine further submits that Rule 14(c) is inapplicable and does not provide a basis to implead Murphy Marine. Accordingly, Murphy Marine seeks the entry of an Order dismissing Counts I and II of Active Crane Rentals, Inc.'s Fourth Party Complaint against Murphy Marine, with prejudice, and striking impleader under Rule 14(c) and all references thereto.

### V. STATEMENT OF FACTS

This case arises out of an alleged accident involving an employee of Murphy Marine, Michael Roberts, on June 30, 2003. See Plaintiff's Complaint, D.I. #1. Plaintiff alleges that he was in the cargo hold of the M/V SHINANO REEFER assisting in the unloading of pallets from

5

the vessel and was injured when the vessel's crane caused a pallet of frozen meat to strike him. See Plaintiff's Complaint, D.I. #1, ¶6. Plaintiff sued the vessel owner under the Longshore and Harbor Workers Compensation Act (See D.I. #1, ¶2), who filed a Third Party Complaint against Active Crane Rentals, Inc., (hereinafter "Active") who allegedly rented the crane and its operators for use in unloading the vessel. See Third Party Complaint, D.I. #8. Active then filed a Fourth Party Complaint against plaintiff's employer, Murphy Marine, who rented the crane from Active, and Magco Rentals, who apparently supplied the crane operators. See Fourth Party Complaint, D.I. #22. Count II of the Third Party Complaint relies on an alleged agreement between Active and Murphy Marine[1], which provides as follows:

> Lessee agrees to hold Lessor harmless for loss, damage and expenses resulting from the operation of the [crane] either bodily injury or property damage including damage or loss to the equipment leased hereby, and agrees to defend lessor from all suits resulting from above operation. The lessee further agrees to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for property damage in favor of Active Crane Rentals, Inc., covering the operation of the above equipment.
>
> See D.I. #22, ¶15 and Exhibit D thereto; Count II.

Active's Complaint makes three claims against Murphy Marine, a tort-based common law claim for contribution and/or indemnity (See D.I. #22, Count I), a contractual claim for defense and indemnity (See D.I. #22, Count II), and a claim for breach of contract (See D.I. #22, Count III). For the reasons set forth below, Counts I and II of the Fourth Party Complaint fail to state claims upon which relief can be granted and should be dismissed, with prejudice. In addition, impleader is improper under Rule 14(c) and any references to or reliance on that rule should be stricken from the Complaint.

---

[1] Indeed, Murphy Marine contends that it never agreed to the provision cited, as there is no signature below that provision. See D.I. #22 and Exhibit D thereto. However, for purposes of this motion, Murphy Marine will assume that the facts are as pled by Active (i.e., the document reflects the agreement between the parties).

## VI.    ARGUMENT

The legal standard for granting a Motion to Dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure is well-settled.  A Rule 12(b)(6) Motion to Dismiss requires the Court to determine whether the plaintiff may recover under any reasonably conceivable set of circumstances susceptible to proof under the Complaint.  When considering a Motion to Dismiss, the Court must "accept as true the facts alleged in the Complaint and all reasonable inferences that can be drawn from them."  Markowitz v. Northeast Landco, 906 F.2d 100, 103 (3d Cir. 1990); Graves v. Lowery, 117 F.3d 723, 726 (3d Cir. 1997).  In particular, the Court looks to "whether sufficient facts are pled to determine that the complaint is not frivolous and to provide defendants with adequate notice to frame an answer."  Colburn v. Upper Darby Twp., 838 F.2d 663, 666 (3d Cir. 1988).  However, the Court need not "credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss."  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  A Court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  See Graves, 117 F.3d at 726.  Thus, in order to prevail on a Motion to Dismiss, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief."  Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

As shown below, both Counts I and II of the Fourth Party Complaint Fail to State a Claim because (1) Count I is barred by the terms of the Longshore and Harbor Workers Compensation Act (LHWCA), and (2) Count II must fail because the alleged agreement does not clearly and unequivocally state that Murphy Marine must indemnify Active for Active's negligence.

Finally, impleader is improper under Rule 14(c) and should be stricken to the extent that Active relies on that Rule.

### A.    Count I of the Fourth Party Complaint is Barred by the LHWCA

Count I of Active's Complaint against Murphy Marine, plaintiff's employer, must be dismissed because it is barred by the LHWCA, 33 U.S.C. § 901, et. seq. That Act provides for the payment of compensation by an employer to injured longshoremen and harbor workers in the event of injury. 33 U.S.C. § 904. The Act further provides:

> The liability of an employer prescribed in section 904 of this title shall be exclusive and in place of all other liability of such employer to the employee, his legal representative….and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death…..

33 U.S.C. § 905.

This section, in addition to barring claims by the employee against the employer outside of the workers compensation scheme, also bars tort-based contribution and indemnity claims by third-parties (such as Active), as the employer's exclusive liability for injuries to its employees is the payment of compensation under the Act. Triguero v. Consolidated Rail Corp., 932 F.2d 95, 98 (2d Cir. 1991); Ketchum v. Gulf Oil Co., 798 F.2d. 159, 161 (5th Cir. 1986); Kane v. Fireston Steel Products Co. v. Northern Metal Company, 463 F.Supp. 473 (E.D.PA. 1978); Myers v. J.A. McCarthy, Inc. et al., 428 F.Supp. 656, 659 (E.D.PA. 1977).

Here, Count I purports to state a claim for contribution and indemnity based on Murphy Marine's alleged "fault" in the accident. See D.I. #22, ¶18. Count I does not

state or mention contractual indemnification.[2]  Rather, it is clear that it is based on Murphy Marine's alleged fault in the accident (i.e. its tort-based fault).  Murphy Marine, as plaintiff's employer (See D.I. #1, ¶5) is statutorily immune from such a claim under 33 U.S.C. §905.  Accordingly, Count I of the Fourth Party Complaint must be dismissed, with prejudice.

> **B.  Count II Must Fail Because the Alleged Agreement to Indemnify Does Not, as a Matter of Law, Require that Murphy Marine Indemnify Active for Active's Own Negligence.**

As discussed above, Murphy Marine's sole liability for injuries suffered by its employee, Mr. Roberts, is pursuant to the LHWCA and any other action by Mr. Roberts or any other party for contribution or indemnity is barred.  Thus, the only way Murphy Marine can possibly be liable for Mr. Roberts' injuries is if it has contractually agreed to assume liability for someone else's fault.  See e.g., Kane, 463 F.Supp. 473, at 475 (holding that although tort-based contribution and/or indemnity is barred by the LHWCA that employer may contractually agree to indemnify another for injuries to employee).  Here, the allegation is that Murphy Marine contractually agreed to indemnify Active.  See D.I. #22, Count II.

In Delaware, a contract to indemnify one against the consequences of one's own negligence is not favored in the law.  Powell v. Interstate Vendaway, Inc., 300 A.2d. 241, 243 (Del. Super. 1972).  Indeed, such a contract is strictly construed, and where possible will be construed not to confer immunity from liability.  Id.  Thus, an indemnity

---

[2] Even if Count I were somehow based on contractual indemnification (which it is not), the claim would fail because the only contract it could possibly rely upon for such indemnification is the contract attached as Exhibit D to the Fourth Party Complaint, which is legally insufficient to require Murphy Marine to indemnify Active for Active's own negligence.  See Part VI.B., *infra*.

9

agreement is only enforceable to require the indemnitor (Murphy Marine) to indemnify the indemnitee (Active) for the indemnitee's own negligence if the language requiring such indemnification is "crystal clear and unequivocal".  State of Delaware v. Amiesite Corp., 297 A.2d 41 (Del. Supr. 1972); James v. Getty Oil Company, 472 A.2d 33, 36 (Del. Super. 1983).  Indeed, to be enforceable, "the provision must specifically focus attention on the fact that by the agreement the indemnitor was assuming liability for indemnitee's own negligence."  Id., citing, Sweetman v. Strescon Industries, Inc. 389 A. 2d 319 (Del. Super. 1978).

Following this general rule, multiple Delaware courts have refused to hold that general indemnity language indemnifies an indemnitee for its own negligence.  See Pan American World Airways v. United Aircraft Corp, 163 A.2d 582, 587 (Del. Supr. 1960); Altemus v. Pennsylania Railroad Company, 210 F.Supp. 834 (D. Del. 1962); Pennsylvania Railroad Company v. Gulf Oil Corp., 223 A.2d 79 (Del. Super. 1966); Delaware Power and Light Co. v. Mayor & Council, 200 A.2d. 840 (Del. Super. 1964); Hollingsworth v. Chrysler Corp., 208 A.2d 61 (Del. Super. 1965).  The Court in Powell, 300 A.2d. at 242, considered the following language:

> Seller shall defend, indemnify and hold Purchaser harmless *from any and all liability for bodily injury, sickness or disease*, including death resulting therefrom, of any person or persons, or damage, destruction or loss of use of any property, arising out of or resulting from the sale, possession or distribution of any product, foodstuff, or beverage, or from any operation under this agreement, and from any act or omission, negligent or otherwise of Seller or any of its subcontractors, employees, agents or servants or of any other persons, excepting only employees of Purchaser whose activities Seller does not have the right to control.

Id. (emphasis added).

The court held that, although the language was broad, it did not clearly and unequivocally state that the indemnitor (i.e., the seller) had to indemnify the indemnitee (i.e., the purchaser) for

the purchaser's own negligence.  Id. at 244.  Accordingly, it held that the purchaser was not entitled to indemnification for its own negligence.  Id.

>Here, the language cited by Active states as follows:
>
>Lessee agrees to hold Lessor harmless for loss, damage and expenses resulting from the operation of the [crane] either bodily injury or property damage including damage or loss to the equipment leased hereby, and agrees to defend lessor from all suits resulting from above operation.  The lessee further agrees to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for property damage in favor of Active Crane Rentals, Inc., covering the operation of the above equipment.
>
>See D.I. #22 and Exhibit D thereto.

Nowhere does that language "clearly and unequivocally" state that the Lessee will indemnify the Lessor for its own negligence.  Indeed, much like the language at issue in Powell stated that the seller would indemnify the purchaser for "any and all liability for loss, damage, or disease", the language here generally provides that the indemnitee will indemnify the indemnitor for "loss, damages, and expenses" arising out of the use of the crane.  It does not specifically require indemnification for Active's own negligence.  Moreover, it is clear that construction of the language in this manner will not render the phrase meaningless, as the section assures Active of indemnification in other situations.  For example, if Mr. Roberts were not an employee of Murphy and Active were held liable for negligently renting the crane to Murphy but Murphy's negligence actually caused the injury, Active would be entitled to indemnification under that provision (assuming Active could prove that Murphy Marine agreed to that provision, which it did not--see footnote 1, *supra*).  In sum, that language is simply not enforceable to require Murphy to indemnify Active for its own negligent acts and Count II of the Complaint should be dismissed.

C.  **Impleader is Improper Under Rule 14(c) and Impleader Under Rule 14(c) Should be Stricken Along With Any Reference Thereto**

Active has attempted to implead Murphy Marine under both F.R.C.P. 14(c), and, in the alternative, F.R.C.P. 14(a). See D.I. #22, page 1. For two reasons, impleader under Rule 14(c) is improper and impleader under that Rule and any reference thereto should be stricken under F.R.C.P. 12(f)[3]. First, Rule 14(c) simply does not apply. Second, as a matter of law, 14(c) is in applicable because any claim by plaintiff against Murphy Marine is barred under the LHWCA.

F.R.C.P. 14(c) provides, in relevant part,

> When a plaintiff asserts an admiralty or maritime claim within the meaning of Rule 9(h), the defendant or person who asserts a right under Supplemental Rule C(6)(b)(i) as a third-party plaintiff, may bring in a third party-defendant….In such a case the third-party plaintiff may also demand judgment against the third-party defendant in favor of the plaintiff, in which event the third-party defendant shall make any defenses to the claim of the plaintiff as well as to that of the third-party plaintiff in the manner provided in Rule 12 and the action shall proceed as if the plaintiff had commenced it against the third-party defendant as well as the third-party plaintiff.

F.R.C.P. 14(c).

Supplemental Rule C(6)(b), in turn, provides:

> In an *in rem* action not governed by Rule C(6)(a) [pertaining to civil forfeiture actions]:
>
> (i) a person who asserts a right of possession or any ownership interest in the property that is the subject of the action must file a verified statement of right or interest….

F.R.C.P. Supplemental Rule C(6)(b).

---

[3] Fed.R.Civ.Pro. 12(f) provides, in relevant part:

> Upon motion made by a party before responding to a pleading…the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Id.

Here, this is not an *in rem* action (See Complaint, D.I.#1; Answer to Complaint, D.I. #2). Moreover, Active has clearly not asserted "a right of possession or ownership interest" in any property. See Supplemental Rule C(6)(b)(i). Since Active is not asserting a right under Supplemental Rule C(6)(b)(i), Rule 14(c) is not applicable. Accordingly, impleader under that Rule is improper and any impleader under Rule 14(c) and all references thereto should be stricken from the Complaint.

Second, it is clear that, for the reasons set forth in Part VI.B., *supra*, this action cannot, as a matter of law, proceed as if plaintiff had made a claim directly against Murphy Marine, as such claims are barred by 33 U.S.C. §905(a). That is, there is no substantive right to proceed, and, indeed, plaintiff is barred from proceeding, directly against Murphy Marine. Thus, it is clear that impleader is simply not proper under Rule 14(c) and impleader under 14(c) and all references thereto should be stricken from the Fourth Party Complaint.[4]

## VII. CONCLUSION

Since recovery for any liability for Murphy Marine's *own* negligent acts is barred by the exclusivity provision contained in 33 U.S.C. § 905(a), and the contractual indemnification claim fails as a matter of law, there can be no indemnification or contribution against Murphy Marine on any theory. Finally, Rule 14(c) is not the proper method for impleading Murphy Marine and all references to that rule should be stricken. Accordingly, Counts I and II of the Fourth Party Complaint should be dismissed, with prejudice, and impleader under Rule 14(c) and all references thereto should be stricken.

---

[4] At this time, Murphy Marine does not contest impleader under Active's alterative basis, Rule 14(a), although it does deny any liability.

        Respectfully submitted,

        HOLLSTEIN KEATING CATTELL
        JOHNSON & GOLDSTEIN P.C.


By:    /s/ Lynne M. Parker
        Lynne M. Parker, Bar ID No. 2811
        1201 N. Orange Street, Suite 730
        Wilmington, Delaware 19801
        (302) 884-6700
        lparker@hollsteinkeating.com
        Attorneys for Fourth Party Defendant
        Murphy Marine Services, Inc.

LEAD COUNSEL:
E. Michael Keating, III
Hollstein, Keating, Cattell, Johnson & Goldstein
1628 JFK Boulevard, 8 Penn Center
Suite 2000
Philadelphia, PA 19103