## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| | : | |
| ALTAIR LINES, S.A., | : | |
| | : | |
| Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| ACTIVE CRANE RENTALS, INC., | : | |
| | : | |
| Third-Party Defendant, | : | |
| | : | |
| v. | : | |
| | : | |
| MURPHY MARINE SERVICES, INC., and | : | |
| MAGCO CRANE RENTALS, | : | |
| | : | |
| Fourth-Party Defendants. | : | |

### THIRD PARTY DEFENDANT, ACTIVE CRANE RENTALS, INC'S RESPONSE TO FOURTH PARTY DEFENDANT MURPHY MARINE SERVICES, INC.'S MOTION TO DISMISS COUNTS I AND II OF THE FOURTH PARTY COMPLAINT AND TO STRIKE IMPLEADER UNDER RULE 14(c)

Third Party Defendant/Fourth Party Plaintiff, Active Crane Rentals, Inc. (hereinafter "Active"), by and through its counsel, files this response to Fourth Party Defendant Murphy Marine Services, Inc.'s (hereinafter "Murphy Marine") Motion to Dismiss Counts I and II of Third Party Defendant/Fourth Party Plaintiff's Fourth Party Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) and 14(c). In response thereof, Active avers as follows:

1.      Admitted only upon information and belief.

2.      Admitted only upon information and belief.

3.      Denied as stated.  Defendant, Active denies that it rented the crane and its operators for use in unloading the vessel at any time relevant hereto.  To the contrary, defendant, Active avers that fourth-party defendant, Magco Crane Rentals owned and operated the crane that was allegedly involved in the incident referred in Plaintiff's Complaint.

4.      Admitted in part, denied in part.  Defendant, Active admitted that it filed a Fourth Party Complaint against Defendants, Murphy Marine and Magco Crane Rentals.  Defendant, Active also admits that Murphy Marine rented a crane from Defendant, Active.  Defendant, Active denies that it rented the crane and its operators involved in the herein incident, and referred in Plaintiff's Complaint, to Defendant, Murphy Marine for use in unloading the vessel at any time relevant hereto.  To the contrary, defendant, Active avers that fourth-party defendant, Magco Crane Rentals owned and operated the crane that was allegedly involved in the incident referred in Plaintiff's Complaint.

5.      Admitted.

6.      Admitted.

7.      Denied as stated.  The contract between Defendant, Active and Fourth Party Defendant, Murphy Marine, as a written document, speaks for itself.

8.      Denied.  Defendant, Active denies that Count I of the Fourth Party Complaint should be dismissed against Defendant, Magco Crane Rentals.  Moreover, Defendant, Active also denies that Count I of the Fourth Party Complaint should be dismissed against Defendant, Murphy Marine, because multiple Courts have held that Section 905 of the Longshore and Harbor Workers Compensation Act does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the breach of an independent duty.  See 33 U.S.C. 905(b); Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 at *9

(E.D.Pa. June 8, 1999); Smith v. United States, 980 F.2d 1379, 1381 (11th Cir. 1993); Pippen v. Shell Oil Co., 661 F.2d 378 (5th Cir. Unit A, Nov. 1981).  In  Passman v. International Rigging, Inc.,, the Court denied Defendants Rule 12(b)(6) motion, holding that the "the Court could not conscientiously conclude beyond doubt at this juncture that defendant will be unable to prove any set of facts sufficient to overcome the LHWCA's barriers to third-party suits against employers. Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 at *12-13.

9.      Denied.  Defendant, Active denies that Count II of the Fourth Party Complaint should be dismissed against Defendant, Magco Crane Rentals.  Moreover, Defendant, Active also denies that Count II of the Fourth Party Complaint should be dismissed against Defendant, Murphy Marine, because multiple Courts have held that Section 905 of the Longshore and Harbor Workers Compensation Act does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the breach of an independent duty, such as one for contractual indemnification.  See 33 U.S.C. 905(b); Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 at *9 (E.D.Pa. June 8, 1999); Smith v. United States, 980 F.2d 1379, 1381 (11th Cir. 1993); Pippen v. Shell Oil Co., 661 F.2d 378 (5th Cir. Unit A, Nov. 1981).  In Smith v. United States, the Court specifically followed the ruling in Pippen v. Shell Oil Co., and held that "a suit by a third party against the employer based on a contract of indemnity would not be an action 'on account of' the injury, but on account of the contract of indemnity."  Smith v. United States, 980 F.2d at 1381.  When reviewing a motion to dismiss, the Court merely looks at the sufficiency of the complaint, it does not decide whether plaintiff has a winning claim.  Airport Surface Techs, LLC v. Field Turf, Inc., 268 F. Supp. 2d 999, 1001 (N.D. Ill. 2003); citing Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998).

In the instant matter, Defendant, Active had an agreement with Defendant, Murphy

Marine, for contribution and/or indemnification covering the operation of the equipment that

Plaintiff, Michael Roberts alleges was involved in the instant matter.  Defendant, Active suggests

that this Court should find the rulings in  Passman v. International Rigging, Inc., Smith v. United

States, and Pippen v. Shell Oil Co. persuasive, and hold that Defendant Active is not precluded

from pursuing a third-party claim against plaintiff's employer, Murphy Marine, arising from the

indemnification agreement between the parties.

       10.     Admitted in part, denied in part.  Defendant, Active admits that Rule 14(c) does not

apply to the herein action, but does contend that Rule 14(a) applies to the herein matter.  Defendant,

Murphy Marine admitted in its Memorandum of Law that it does not contest impleader under Rule

14(a), although it denied any liability.

       11.     Denied as stated.  To the contrary, for the reasons set forth herein and within the

attached Brief in Response to defendant, Murphy Marine's Motion to Dismiss, defendant, Active

requests that defendant, Murphy Marine's request to dismiss Counts I and II of the Fourth Party

Complaint be denied.

       WHEREFORE, Third-Party Defendant/Fourth-Party Plaintiff, Active Crane Rentals, Inc.

respectfully requests the entry of an Order denying defendant, Murphy Marine Services, Inc.'s

Motion to Dismiss Counts I and II of the Fourth Party Complaint.

**REGER RIZZO KAVULICH & DARNALL, LLP**

/s/ Louis J. Rizzo, Jr.
LOUIS J. RIZZO, JR., ESQUIRE
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
lrizzo@rrkdlaw.com
Date: May 31, 2006       Attorney for Defendant, Active Crane Rentals, Inc.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | **CIVIL ACTION** |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| v. | : | **NO. 05-cv-0454 (GMS)** |
| | : | |
| **ALTAIR LINES, S.A.,** | : | |
| | : | |
| **Defendant/Third-Party Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| | : | |
| **Third-Party Defendant.** | : | |
| | : | |
| v. | : | |
| | : | |
| **MURPHY MARINE SERVICES, INC., and** | : | |
| **MAGCO CRANE RENTALS,** | : | |
| | : | |
| **Fourth-Party Defendants.** | : | |

The undersigned attorney hereby certifies that a true and correct copy of Third Party Defendant, Active Crane Rentals, Inc.'s Response to Fourth Party Defendant Murphy Marine Services, Inc.'s Motion to Dismiss Counts I and II of the Fourth Party Complaint and to Strike Impleader under Rule 14(c) were filed using CM/ECF, which will send notification of such filing to all parties. I further certify that a courtesy copy of the foregoing has been served on the counsel listed below by first-class mail, postage prepaid:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**


Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

Lynne M. Parker, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
**(Attorney for Defendant, Murphy Marine Services, Inc.)**


**REGER RIZZO KAVULICH & DARNALL, LLP**

  /s/ Louis J. Rizzo, Jr.
LOUIS J. RIZZO, JR., ESQUIRE
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
lrizzo@rrkdlaw.com
Attorney for Defendant, Active Crane Rentals, Inc.

Date: May 31, 2006