## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | **CIVIL ACTION** |
| Plaintiff, | : | |
| v. | : | **NO. 05-cv-0454 (GMS)** |
| **ALTAIR LINES, S.A.,** | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| Third-Party Defendant, | : | |
| v. | : | |
| **MURPHY MARINE SERVICES, INC., and MAGCO CRANE RENTALS,** | : | |
| Fourth-Party Defendants. | : | |

**BRIEF IN SUPPORT OF THIRD PARTY DEFENDANT, ACTIVE CRANE RENTALS, INC'S RESPONSE TO FOURTH PARTY DEFENDANT MURPHY MARINE SERVICES, INC.'S MOTION TO DISMISS COUNTS I AND II OF THE FOURTH PARTY COMPLAINT AND TO STRIKE IMPLEADER UNDER RULE 14(c)**

REGER RIZZO KAVULICH & DARNALL, LLP

/s/ Louis J. Rizzo, Jr.
LOUIS J. RIZZO, JR., ESQUIRE
1001 Jefferson Plaza, Suite 202
Wilmington, DE  19801
(302) 652-3611
lrizzo@rrkdlaw.com
Attorney for Defendant, Active Crane Rentals, Inc.

Date: May 31, 2006

## I. TABLE OF CONTENTS

I.    TABLE OF CONTENTS..................................................................................................2

II.    TABLE OF AUTHORITIES.............................................................................................3

III.    NATURE OF PROCEEDINGS.........................................................................................4

IV.    SUMMARY OF ARGUMENTS........................................................................................4

V.    STATEMENT OF FACTS........................................................................................4, 5, 6

VI.    ARGUMENT..........................................................................................................6, 7, 8

VII.    CONCLUSION.................................................................................................................8

## II. TABLE OF AUTHORITIES

Cases:

Airport Surface Techs, LLC v. Field Turf, Inc., ..........................................................................6
268 F. Supp. 2d 999 (N.D. Ill. 2003)

Conley v. Gibson, ..........................................................................................................................6
355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957)

H. J., Inc. v. Northwestern Bell Tel. Co., ......................................................................................6
492 U.S. 229, 249, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989)

Hartman v. Pathmark Stores, ........................................................................................................6
2006 U.S. Dist. LEXIS 9349 (D. Del Mar 8, 2006)

Herdrich v. Pegram, ......................................................................................................................6
154 F.3d 362, 369 (7th Cir. 1998)

Jones v. Gardel, et al., ..................................................................................................................6
2003 U.S. Dist. LEXIS 23939 (D. Del. Mar 27, 2003)

Montgomery v. Beneficial Consumer Discount Co., ....................................................................6
2005 U.S. Dist. LEXIS 249 (E.D. Pa. March 2, 2005)

Passman v. International Rigging, Inc., ....................................................................................7, 8
1999 U.S. Dist. LEXIS 9046 (E.D.Pa. June 8, 1999)

Pippen v. Shell Oil Co., ............................................................................................................7, 8
661 F.2d 378 (5th Cir. Unit A, Nov. 1981)

Smith v. United States, .............................................................................................................7, 8
980 F.2d 1379 (11th Cir. 1993)

Sturm v. Clark, ..............................................................................................................................6
835 F.2d 1009, 1011 (3d Cir. 1987)

Statutes:

33 U.S.C. § 905(b).................................................................................................................6, 7, 8
33 U.S.C. § 905(c)..........................................................................................................................7

Rules:

Fed R.Civ.P.12(b)(6)................................................................................................................6,7,8

### III. NATURE OF PROCEEDINGS

This action arises out of a claim under the Longshore and Harbor workers Compensation Act asserted by plaintiff, Michael Roberts. Plaintiff was an employee of Fourth Party Defendant, Murphy Marine Services, Inc. at the time of the alleged incident. Plaintiff sued the shipowner, Altair Lines, S.A., who filed a Third-Party Complaint against Active Crane Rentals, Inc. (hereinafter "Active"). Third-Party Defendant/Fourth-Party Plaintiff, Active then filed a Fourth-Party Complaint against Murphy Marine Services, Inc. (hereinafter "Murphy Marine) and Magco Crane Rentals. Defendant, Murphy Marine moves to dismiss Counts I and II of the Fourth-Party Complaint and to strike impleader under Fed.R.Civ.P. 14(c), and Defendant, Active responds thereto.

### IV. SUMMARY OF ARGUMENT

Active denies that Count I or II of the Fourth Party Complaint should be dismissed against Defendant, Magco Crane Rentals. Moreover, Defendant, Active also denies that Count I or II of the Fourth Party Complaint should be dismissed against Defendant, Murphy Marine, because multiple Courts have held that Section 905 of the Longshore and Harbor Workers Compensation Act does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the breach of an independent duty, and Defendant, Active had an agreement with Defendant, Murphy Marine, for contribution and/or indemnification covering the operation of the equipment that Plaintiff, Michael Roberts alleges was involved in the instant matter.

### V. STATEMENT OF FACTS

Plaintiff, Michael Roberts, alleges that he sustained personal injuries as a result of an incident that allegedly occurred on or about June 30, 2003, while discharging cargo from the vessel SHINANO REEFER at the Wilmington Marine Terminal, Wilmington, Delaware, as an

employee of stevedore Murphy Marine, said liability, injuries, and allegations being denied by Active Crane.    Plaintiff, Michael Roberts, alleges that the operator of the crane that was being used at the time of the alleged incident negligently caused a pallet of frozen meat to swing while being lifted from the cargo hold.  The pallet alleged struck Plaintiff, Michael Roberts causing personal injuries.   Plaintiff filed suit against Defendant, Altair Lines, SA, the owner of the vessel SHINANO REEFER.

On or about February 6, 2006, Defendant Altair filed a third-party action against Defendant, Active.  In this lawsuit, Defendant, Altair alleges that Defendant, Active provided one or more mobile shore-based cranes to Murphy Marine for use in discharging the cargo from the M/V Shinano Reefer at the Wilmington Marine Terminal. Defendant, Altair alleges that Defendant, Active provided a crane operator and/or a supervisor and/or an oiler with the crane, and that the negligent operation of the crane by these individuals was the cause of Plaintiff's alleged accident.  Defendant, Active filed an answer to Altair Line's third-party action on or about April 6, 2006.

Defendant, Active filed a Fourth-Party Complaint against Magco Crane Rentals and Murphy Marine Services.  Defendant, Active believes that Magco Crane Rentals owned and operated the crane that was involved in Plaintiff, Michael Roberts' incident.  Defendant, Active and Defendant, Murphy Marine had a rental agreement for the equipment that Plaintiff, Michael Roberts alleges to have been involved in the instant litigation.  This rental agreement contains an indemnification provision as follows:

> Lessor agrees to supply the above equipment and necessary personnel to operate same under direct and sole supervision of the Lessee for an eight (8) hour minimum day (8:00 - 4:30).  Lessee agrees to hold harmless for loss, damage and expense resulting from the operation of the above mentioned equipment either bodily injury or property damage including damage or loss to the equipment leased hereby, and agrees to defend lessor from all suits resulting from above operation.  The lessee further agrees to maintain Public Liability Insurance in the amount of $500,000 for bodily injuries and $250,000 for

property damage in favor of Active Crane Rentals, Inc., covering the operation of the above equipment.

Defendant, Active makes three claims against Defendant, Magco Crane Rentals and Defendant, Murphy Marine Services, a common law claim for contribution and/or indemnity, a contractual claim for defense and indemnity, and a claim for breach of contract.

## VI. LEGAL ARGUMENT

In reviewing a motion to dismiss for failure to state a claim, "all allegations in the complaint and all reasonable inferences that can be drawn therefrom must be accepted as true and viewed in the light most favorable to the non-moving party." Jones v. Gardel, et al., 2003 U.S. Dist. LEXIS 23939, at *1 (D. Del. Mar 27, 2003), citing Sturm v. Clark, 835 F.2d 1009, 1011 (3d Cir. 1987). The purpose of a motion to dismiss pursuant to Rule 12(b)(6) is to test the legal sufficiency of a complaint. Hartman v. Pathmark Stores, 2006 U.S. Dist. LEXIS 9349, *4 (D. Del Mar 8, 2006); Jones v. Gardel, et al., 2003 U.S. Dist. LEXIS 23939 at *3, citing Conley v. Gibson, 355 U.S. 41, 45-46, 2 L. Ed. 2d 80, 78 S. Ct. 99 (1957). The court may dismiss a complaint only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Jones v. Gardel, et al., 2003 U.S. Dist. LEXIS 23939 at *3; Montgomery v. Beneficial Consumer Discount Co., 2005 U.S. Dist. LEXIS 249, *9 (E.D. Pa. March 2, 2005), quoting H. J., Inc. v. Northwestern Bell Tel. Co., 492 U.S. 229, 249, 106 L. Ed. 2d 195, 109 S. Ct. 2893 (1989).

When reviewing a motion to dismiss, the Court merely looks at the sufficiency of the complaint, it does not decide whether plaintiff has a winning claim. Airport Surface Techs, LLC v. Field Turf, Inc., 268 F. Supp. 2d 999, 1001 (N.D. Ill. 2003); citing Herdrich v. Pegram, 154 F.3d 362, 369 (7th Cir. 1998). Dismissal is only appropriate when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which would entitle him to relief."

Hartman v. Pathmark Stores, 2006 U.S. Dist. LEXIS 9349 at *5.

### A. Count I and II of the Fourth Party Complaint is not Barred by the Longshoreman Harbor Workers Compensation Act

Count I and Count II of the Fourth Party Complaint should not be dismissed against Defendant, Murphy Marine, because multiple Courts have held that Section 905 of the Longshore and Harbor Workers Compensation Act does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the breach of an independent duty. See 33 U.S.C. 905(b); Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 at *9 (E.D.Pa. June 8, 1999); Smith v. United States, 980 F.2d 1379, 1381 (11th Cir. 1993); Pippen v. Shell Oil Co., 661 F.2d 378 (5th Cir. Unit A, Nov. 1981).

In Passman v. International Rigging, Inc., the Court denied Defendants Rule 12(b)(6) motion, holding that the "the Court could not conscientiously conclude beyond doubt at this juncture that defendant will be unable to prove any set of facts sufficient to overcome the LHWCA's barriers to third-party suits against employers. Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 at *12-13. The Court held that Section 905 does not preclude a defendant which is not a "vessel" from pursuing a third-party claim against the employer arising from the breach of an independent duty, such as one for contractual indemnification. Id., at *9. The Court in Passman held that Section 905(b) does not bar the enforcement of "any reciprocal indemnity provision whereby the [longshoreman's] employer . . . and the vessel agree to defend and indemnify the other for cost of defense and loss or liability for damages arising out of or resulting from . . . bodily injury to their employees." . Id., at *9, citing to 33 U.S.C. § 905(c).

In Smith v. United States, the Court specifically followed the ruling in Pippen v. Shell Oil Co., and held that "a suit by a third party against the employer based on a contract of indemnity

would not be an action 'on account of' the injury, but on account of the contract of indemnity." Smith v. United States, 980 F.2d at 1381.  In Smith, the Court held that the employer was not insulated under the LHWCA from its contractual obligation to indemnify a non-vessel, Jacksonville Shipyards, Inc.  Id., at 1380.

In the instant matter, Defendant, Active had an agreement with Defendant, Murphy Marine, for contribution and/or indemnification covering the operation of the equipment that Plaintiff, Michael Roberts alleges was involved in the instant matter.  Defendant, Active suggests that this Court should find the rulings in  Passman v. International Rigging, Inc., Smith v. United States, and Pippen v. Shell Oil Co. persuasive, and hold that Defendant Active is not precluded from pursuing a third-party claim against plaintiff's employer, Murphy Marine, arising from the indemnification agreement between the parties.

## VII. CONCLUSION

WHEREFORE, Third-Party Defendant/Fourth-Party Plaintiff, Active Crane Rentals, Inc. respectfully requests the entry of an Order denying defendant, Murphy Marine Services, Inc.'s Motion to Dismiss Counts I and II of the Fourth Party Complaint.

Respectfully Submitted,

**REGER RIZZO KAVULICH & DARNALL, LLP**

  /s/ Louis J. Rizzo, Jr.
LOUIS J. RIZZO, JR., ESQUIRE
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
lrizzo@rrkdlaw.com
Attorney for Defendant, Active Crane Rentals, Inc.

Date: May 31, 2006

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| **ALTAIR LINES, S.A.,** | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| Third-Party Defendant. | : | |
| v. | : | |
| **MURPHY MARINE SERVICES, INC., and MAGCO CRANE RENTALS,** | : | |
| Fourth-Party Defendants. | : | |

    The undersigned attorney hereby certifies that a true and correct copy of Brief in Support of Third-Party Defendant, Active Crane Rentals, Inc.'s Response to Fourth Party Defendant, Murphy Marine Services, Inc's Motion to Dismiss and to Strike Impleader were filed using CM/ECF, which will send notification of such filing to all parties.  I further certify that a courtesy copy of the foregoing has been served on the counsel listed below by first-class mail, postage prepaid:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**

Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

Lynne M. Parker, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
**(Attorney for Defendant, Murphy Marine Services, Inc.)**

**REGER RIZZO KAVULICH & DARNALL, LLP**

　/s/ Louis J. Rizzo, Jr.
LOUIS J. RIZZO, JR., ESQUIRE
1001 Jefferson Plaza, Suite 202
Wilmington, DE   19801
(302) 652-3611
lrizzo@rrkdlaw.com
Attorney for Defendant, Active Crane Rentals, Inc.

Date: May 31, 2006