IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | No. 05-cv-0454 (GMS) |
| ALTAIR LINES, S.A. | : | |
| Defendant/Third-Party Plaintiff, | : | |
| v. | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| Third-Party Defendant/Fourth-Party Plaintiff, | : | |
| v. | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS, | : | |
| Fourth-Party Defendants. | : | |

**REPLY BRIEF IN FURTHER SUPPORT OF THE MOTION TO DISMISS AND TO STRIKE IMPLEADER UNDER RULE 14(C) OF MURPHY MARINE SERVICES, INC.**

HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN P.C.
Lynne M. Parker, Bar ID No. 2811
1201 N. Orange Street, Suite 730
Wilmington, Delaware 19801
(302) 884-6700
lparker@hollsteinkeating.com
Attorneys for Fourth Party Defendant
Murphy Marine Services, Inc.

{7576.00027:AGM1981}

## I.  TABLE OF CONTENTS

I.   TABLE OF CONTENTS………………………………………...…..…….…..2

II.  TABLE OF AUTHORITIES……………………………………...…………2

III. ARGUMENT……...……………………………………….………………..3

IV.  CONCLUSION……………………………………………….………....4

## II.  TABLE OF AUTHORITIES

**CASES:**

Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 (E.D. Pa. June 8, 1999)………………………………………….....………….…………3

Pippen v. Shell Oil Co., 661 F.2d 378 (5th Cir. Unit A, 1981)………….…..…………..3

Smith v. United States, 980 F.2d 1379, 1381 (11th Cir. 1993)………………...………..3

**RULES:**

F.R.C.P. 14(c)..……………………………………………………………...……4

### III.   ARGUMENT

In its brief in response to Murphy Marine Services, Inc.'s Motion to Dismiss and Strike Impleader, Fourth Party Plaintiff Active Crane Rentals, Inc. ("Active") simply cites the general principle stating that a non-vessel is entitled to bring a third-party action against an LHWCA employer for indemnification based on an independent duty; here, a contract.  See Active's Brief in Response, Section III, citing Passman v. International Rigging, Inc., 1999 U.S. Dist. LEXIS 9046 (E.D.Pa. June 8, 1999); Smith v. United States, 980 F.2d 1379, 1381 (11th Cir. 1993); Pippen v. Shell Oil Co., 661 F.2d 378 (5th Cir. Unit A, 1981).  With this general principle, Murphy Marine Services, Inc. ("Murphy Marine") agrees, and cites in its brief.  See Murphy Marine's Opening Brief, page 9.  However, Active has not demonstrated, or even discussed, whether *the contract at issue in this case* actually requires Murphy Marine to indemnify Active.  As demonstrated in Murphy Marine's Opening Brief, that contract, as a matter of law, does not require Murphy Marine to indemnify Active for Active's own negligence since the language at issue is not "crystal clear and unequivocal".  See Murphy Marine's Opening Brief, pages 9-10.  Active's failure to even discuss whether the contract at issue requires that Murphy Marine indemnify Active demonstrates the weakness of its position.  Accordingly, it is clear that the contract, as a matter of law, does not require Active to indemnify Murphy Marine; thus, both Counts I and II of the Fourth Party Complaint must be dismissed.

In addition, Count I must be dismissed for an even more fundamental reason: by Active's own admission, Count I is a tort based claim for contribution.  See Active's Response to Motion to Dismiss, ¶6 (admitting that Count I is a tort based claim for contribution and/or indemnity).  As more fully discussed in Murphy Marine's Opening Brief in support of this motion, it is clear that such claims are barred by the LHWCA.  See Murphy Marine's Opening Brief, pages 8-9.

3

Accordingly, it is clear, by Active's own admission, that Count I of the Fourth Party Complaint against Murphy Marine should be dismissed, as it is a tort-based claim barred by the LHWCA.

Finally, Active has agreed that joinder under F.R.C.P. 14(c) should be stricken. See Active's Response to Motion to Dismiss, ¶10. Accordingly, Murphy Marine respectfully requests that its motion in this regard is uncontested and should be granted.

### IV. CONCLUSION

For all the foregoing reasons and all the reasons stated in Murphy Marine's Motion to Dismiss and Opening Brief in Support, Counts I and II of the Fourth Party Complaint should be dismissed, with prejudice, and impleader under Rule 14(c) and all references thereto should be stricken.

Respectfully submitted,

HOLLSTEIN KEATING CATTELL
JOHNSON & GOLDSTEIN P.C.


By:   /s/ Lynne M. Parker
      Lynne M. Parker, Bar ID No. 2811
      1201 N. Orange Street, Suite 730
      Wilmington, Delaware 19801
      (302) 884-6700
      lparker@hollsteinkeating.com
      Attorneys for Fourth Party Defendant
      Murphy Marine Services, Inc.

LEAD COUNSEL:
E. Michael Keating, III
Hollstein, Keating, Cattell, Johnson & Goldstein
1628 JFK Boulevard, 8 Penn Center
Suite 2000
Philadelphia, PA 19103

{7576.00027:AGM1981}