IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS | : | CIVIL ACTION |
| | : | |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| ALTAIR LINES, S.A. | : | NO.  05-CV-0454 (GMS) |
| | : | |
| Defendant/Third-Party Plaintiff | : | |
| | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| | : | |
| Third-Party Defendant | : | |
| | : | |
| v. | : | |
| | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS | : | |
| | : | |
| Fourth-Party Defendants | : | |

**ANSWER TO DEFENDANT ACTIVE CRANE RENTALS, INC.'S FOURTH-PARTY COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM ON BEHALF OF MAGCO CRANE RENTALS**

Fourth-Party Defendant, Magco Crane Rentals (hereinafter "Answering Defendant"), by its undersigned counsel, Nicholas E. Skiles and Swartz Campbell, LLC, hereby answers the Fourth–Party Complaint ("the Complaint") filed by Third-Party Defendant, Active Crane Rentals, Inc. (hereinafter "Active") as follows:

1. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of Active's Complaint and same are therefore denied.  Strict proof is demanded at the time of trial.

2. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of Active's Complaint and same are therefore denied. Strict proof is demanded at the time of trial.

3. In as far as the allegations contained Paragraph 3 of Active's Complaint seek conclusions of law, no response is required. To the extent the allegations are factual, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and same are therefore denied. Strict poof is demanded at the time of trial.

4. Paragraph 4 of Active's Complaint contains no allegations which require a response from the Answering Defendant. To the extent the allegations are factual, the Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations and same are therefore denied. Strict proof is demanded at the time of trial.

5. The Answering Defendant is without sufficient information to admit or deny the allegations contained in Paragraph 5 of Active's Complaint.

6. he Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

7. The Answering Defendant admits the allegations contained in Paragraph 7 of Active's Complaint.

8. The Answering Defendant admit that it was in a business that provided crane rental services to customers in the Wilmington, Delaware area as alleged in Paragraph 8 of Active's Complaint. As to the remaining allegations contained in Paragraph 8, the Answering Defendant admits that it may have provided crane rental services to Active and/or Murphy Marine Services, Inc.

9. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

10. The Answering Defendant denies the allegations contained in Paragraph 10 of Active's Complaint.

11. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

12. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

13. The Answering Defendant denies the allegations contained in Paragraph 13 of Active's Complaint.

14. The Answering Defendant denies the allegations contained in Paragraph 14 of Active's Complaint.

15. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

16. The Answering Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of Active's Complaint and same are therefore denied. Strict proof is demanded at time of trial.

17. The allegations contained in Paragraph 18 of Active's Complaint seek legal conclusions to which no response is required. To the extent a response is required, the Answering Defendant denies the allegations.

18. The allegations contained in Paragraphs 20 to 22 of Active's Complaint are not directed to the Answering Defendant; therefore, no response is required.

19. The allegations contained in Paragraphs 24 through 25 of Active's Complaint are not directed to the Answering Defendant; therefore, no response is required.

**WHEREFORE**, Answering Defendant respectfully requests that Third-Party Defendant/Fourth Party Plaintiff, Active Crane Rental's, Complaint be dismissed in its entirety and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

### FIRST AFFIRMATIVE DEFENSE

Fourth Party Plaintiff has failed to set and state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's exclusive remedy is provided by the Longshore and Harbor Workers' Compensation Act, 33 § U.S.C. 901, *et seq*.

### THIRD AFFIRMATIVE DEFENSE

The Answering Defendant avers upon information and belief that as a result of the injuries alleged in this suit, Plaintiff received compensation benefits through the Longshore and Harbor Workers' Compensation Act from his employer or his employer's insurer. Plaintiff is, therefore, not the real party in interest with respect to that portion of the total claim of damages which represents compensation already paid and/or to be paid the Plaintiff under any provisions of the LHWCA to which Plaintiff's employer or his employer's insurer has thereby become subrogated.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff is not the real party in interest to the extent that plaintiff claim(s) or any portion thereof has been statutorily re-assigned to the stevedore employer pursuant to § 933(b) of the LHWCA.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and/or losses were entirely or substantially caused by the negligence of Plaintiff, Michael Robert's employer and/or the negligence of other parties and/or entities for whom the Answering Defendant has no responsibility.

### SIXTH AFFIRMATIVE DEFENSE

Answering Defendant avers that this claim against it is barred by the doctrines of estoppel, borrowed servant, laches and/or waiver.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

### EIGHTH AFFIRMATIVE DEFENSE

Answering Defendant claims benefit of all rights and defenses of the Limitation Statues of the United States, including those set forth in the Limitation of Liability Act, 46 U.S.C. § 183, *et seq*.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's alleged accident, injuries and/or damages were caused by his own contributory negligence and, therefore Plaintiff's complaint is barred or any recovery by Plaintiff must be reduced by the percentage share of Plaintiff's negligence.

### TENTH AFFIRMATIVE DEFENSE

At all times material hereto, plaintiff's employer, an expert and experienced stevedoring contractor, had exclusive possession, custody and control of an over the subject vessel, including her cargo, decks, hatches and appurtenances. Moreover, it was the expert stevedore who directed, supervised, controlled, and performed all cargo operations aboard said vessel. Moreover, it was the stevedore who operated, directed and was responsible for any shoreside cranes used in said cargo operations.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff was at no time a seaman and the Jones Act has no application to this case.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate his damages.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff, Michael Roberts and/or Defendant/Third-Party Plaintiff Altair and/or Third-Party Defendant/Fourth Party Plaintiff, Active Crane Rentals, failed to join all necessary and indispensable parties.

**FOURTEENTH AFFIRMATIVE DEFENSE**

The Answering Defendant did not owe Plaintiff any duty. To the extent that Answering Defendant did owe any duty to Plaintiff, it discharged those duties properly.

**WHEREFORE**, Answering Defendant respectfully requests that Third-Party Defendant/Fourth Party Plaintiff, Active Crane Rental's, Complaint be dismissed in its entirety and that Answering Defendant be reimbursed for all costs and expenses incurred in defending this action, including reasonable attorneys' fees.

**CROSS-CLAIM OF ANSWERING DEFENDANT AGAINST THIRD-PARTY DEFENDANT/FOURTH PARTY PLAINTIFF ACTIVE CRANE RENTALS**

If Plaintiff's and/or Defendant/Third-Party Plaintiff's and/or Third-Party Defendants/Fourth Party Plaintiff's allegations are established at trial and there is liability against this Answering Defendant, said claim being denied, then as a result of the negligent acts, breaches or omissions of Third-Party Defendant/Fourth Party Plaintiff, as more fully set forth in Defendant/Third-Party Plaintiff Altair Lines, S.A.'s ("Altair") Third-Party Complaint against Active (which allegations are incorporated herein for the purposes of this cross-claim), Third-Party Defendant/Fourth Party Plaintiff, Active, is liable to Defendant/Third-Party Plaintiff, Altair, alone or jointly and severally

liable with this Answering Defendant, Answering Defendant seeks contribution and/or indemnity from Active.

**WHEREFORE**, Answering Defendant prays that in the event Judgment is entered in favor of Defendant/Third-Party Plaintiff, Altair, against Third-Party Defendant, Active, that said Judgment is entered solely against Altair and Active and/or in the event Judgment is entered in favor of Active and against this Answering Defendant, Active be held jointly and severally liable to Altair, and that in any event, judgment be entered in favor of Answering Defendant, Magco Crane Rentals, and against all other parties, together with attorneys' fees and costs, and such other relief as the court may deem appropriate.

    SWARTZ CAMPBELL LLC

    */s/ Nicholas E. Skiles, Esquire*
    Nicholas E. Skiles, Esquire (DE I.D. #3777)
    300 Delaware Avenue, Suite 1130
    P.O. Box 330
    Wilmington, Delaware 19801
    Phone: (302) 656-5935
    Counsel for Fourth Party Defendant
    Magco Crane Rentals