IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| | : | |
| **ALTAIR LINES, S.A.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MURPHY MARINE SERVICES, INC.,** | : | |
| **and MAGCO CRANE RENTALS,** | : | |
| | : | |

## DEFENDANT, ACTIVE CRANE RENTALS, INC'S INTERROGATORIES DIRECTED TO MAGCO CRANE RENTALS, INC.

Pursuant to the Federal Rules of Civil Procedure, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The original Answers to Interrogatories shall be filed and copies served on all interested parties within thirty (30) days after service of the attached Interrogatories.

Pursuant to Federal Rules of Civil Procedure, these Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Federal Rules of Civil Procedure, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents can be inspected and the reason they could not be attached to the Answers to

Interrogatories.

## DEFINITIONS

(a) The term "DOCUMENT" as used herein, means the original and all copies of all written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody or control or known by you to exist, including but not limited to:

    (i) all contracts, agreements, letter agreements, representations, warranties, certifications and opinions;

    (ii) all letters or other forms of correspondence or communications, including envelopes and notes, telegrams cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conference;

    (iii) all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analysis, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

    (iv) all desk calendars, appointment books and diaries;

    (v) all minutes, records or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

    (vi) all reports and summaries of interviews and negotiations;

    (vii) all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

      (viii)    all motion pictures and photographs (whether developed or undeveloped), tape records, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, disks, data cells, drums, printouts and other data compilations from which information can be obtained; and

      (ix)    drafts of any documents, revisions of drafts of any document and original or preliminary notes.

(b)    Unless otherwise indicated by the context, the term "IDENTIFY" or "IDENTITY":

      (I)    when referring to a document shall require identification of such document by furnishing a brief description of the documents, title or identifying symbol, its date, name and address of persons originating, name and address of persons (if any), to whom it was directed, the location thereof and its present custodian;

      (ii)    when used in connection with an oral communication, shall require identification of each person whom and to whom such communication was made, the date it was made, whether it was made by a telephone, and the place at which each person was located;

      (iii)    when used in referring to a person, shall require furnishing the following information concerning such person:

          (1)    full name;

          (2)    age;

          (3)    the current or last known business and home address;

          (4)    current or last known employment position (the current or last know business title); and

     (5) current or last known telephone number.

 (c) The term "PERSON", as used herein, means any natural person, partnership, corporation or other business entity and all present and former officers, directors, agents, employees, representatives, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

 (d) The singular shall include the plural and the plural shall include the singular.

 (e) The masculine, feminine or neuter pronoun shall not exclude the other genders.

 (f) The term "INCIDENT", as used herein, shall refer to the event and/or sequence of events which plaintiffs allege caused injury.

 (g) The pronoun "YOU" shall mean the party to whom these interrogatories are addressed.

These Interrogatories are continuing and you are therefore requested to file Supplemental Answers promptly upon receipt of information by you or anyone on your behalf that they are inaccurate or incomplete.

## INTERROGATORIES

1. State your full name, age, residence address, occupation, the name and address of your employer and your position in the co-defendant corporation.

2. State whether any contracts were entered into between the defendant answering these interrogatories and any other party to this matter regarding work performed at the Port of Wilmington, and, if so, state:

 a. the dates such contracts were entered into;

 b. the parties to the contracts; and

        c.        the name and address of each person who has possession of the documents at present.

3.        State the name, address, occupation and position with the co-defendant, Magco Crane Rentals of the person with the most knowledge of the contracts between Magco Crane Rentals and defendants, and the job site at the Port of Wilmington on or about June 30, 2003.

4.        State all conversations you or any employee of Magco Crane Rentals had with the plaintiff or employees of defendants following the alleged accident and relative to the accident or any resulting injuries.

5.        With respect to the accident involving the plaintiff on or about June 30, 2003, state on the basis of all knowledge and information available to you, including:

        a.        the date, time and location of the accident;

        b.        a complete description of how the accident occurred; and

        c.        the name and address of each person who witnessed the accident or was at the scene when the accident occurred; and

        d.        concerning each witness referred to in the preceding subparagraph, the substance of what each witness observed concerning the accident, insofar as you are aware.

6.        State whether you were the owner of the crane and hoist involved in the subject occurrence, and if not, identify, if known, the company or entity which owned the crane and hoist involved in this incident.

7. State whether you were in the custody and/or control of the crane and hoist involved in the occurrence, and if not, identify, if known, the company or entity which was in custody and/or control of the crane and hoist involved in this incident.

8. State whether the defendant answering these interrogatories had one or more individuals in its employ who were assigned to the full time or part time task of operating a safety program or making safety inspections and safety repairs, and, if so, state their names, addresses and present employers.

9. State whether any other entities on or about the site of the accident had a regularly assigned individual or group of individuals who regularly conducted inspections on the job site and made safety repairs or safety reports thereon or conducted any sort of job-wide safety programs for all workers on the job site.

10. If your answer to the preceding interrogatory is affirmative, state the names of the entities employing these individuals and, if known, the identity and last known addresses of these individuals themselves.

11. State whether, following the accident, the defendant answering these interrogatories conducted any examination of the crane and hoist involved in this incident.

12. State whether the defendant answering these interrogatories has knowledge of any other co-defendant or any nonparty who conducted an examination of the crane and hoist involved in this incident.

13. If either of the preceding two (2) interrogatories was answered in the affirmative, state:

    a. the name and address of each person who conducted examinations of the crane and hoist;

    b. the date of the examinations;

    c. the employer and last known address of the individuals preparing any reports pursuant to the examinations; and

    d. the present location of any report.

14. State whether any investigations were made concerning the plaintiff's accident, and, if so, state:

    a. the date of each investigation;

    b. where each investigation was made;

    c. where the ship was at the time of each investigation;

    d. the names of the persons conducting each investigation; and

    e. the names of the persons present during or involved in each investigation.

15. State whether any written reports were made as a result of the investigations, and, if so, state:

    a. the date of each written report;

    b. who made each report;

    c. the present location of each report; and

    d. the name, address, and employment title of the person having custody of each report, and attach a copy of each report to your answers to these interrogatories.

16. State whether the defendant has photographs of the area where the plaintiff was injured, and, if so, state:

    a. the name and address of the person taking each photograph;

    b. the date and place where each photograph was taken;

    c. the number of photographs taken; and

    d. who has present possession of the negatives, and attach a copy of the photographs to your answers to these interrogatories.

17. List by name, other means of identification, and address:

    a. all employees who were on duty at the time of the plaintiff's injury; and

    b. all other witnesses of the injury to the plaintiff known to you, your agents, or attorneys.

18. State the name and age of each person, including the plaintiff, who has given a statement, declaration, affidavit, or otherwise been interviewed concerning the accident involved in this action, and for each state:

    a. to whom the statement was made;

    b. the date of the statement;

    c. whether the statement was oral, in writing, or recorded on tape;

    d. at whose request each statement was made;

    e. if any statement is in writing, who wrote and signed each; and

    f. the name and address of the person who has present custody or possession of each statement, and attach a copy of each statement to your answers to these interrogatories.

19. State whether you have consulted any person qualified as an expert on any matter relating to this action, and, if so:

    a. give the name, address, and telephone number of each expert; and

  b.  describe each expert's qualifications or special training.

20. Indicate whether each expert submitted a written report, and, if so, state:

  a.  the date of the report;

  b.  the present location of the report; and

  c.  the name, address, and employment title of the person having present possession or custody of the report.

21. State whether any expert has rendered an opinion as to the cause or causes of the accident on the ship, and, if so, state the opinion of the expert.

22. Without stating the actual opinion of each expert, state each fact upon which the expert witness bases his or her opinion as to the cause or causes of the accident on the ship.

23. State whether you contend any other persons, firms, or corporations are responsible for the plaintiff's injuries, and, if so, state:

  a.  the names and address of each responsible entity; and

  b.  the specific facts upon which you rely in contending that the entity is responsible for the plaintiff's injuries.

                           **REGER RIZZO KAVULICH & DARNALL, LLP**

               BY:   /s/ Louis J. Rizzo, Jr.
                       LOUIS J. RIZZO, JR., ESQUIRE
                       1001 Jefferson Plaza, Suite 202
                       Wilmington, DE   19801
                       (302) 652-3611

                       Attorney for Defendant,
                       Active Crane Rentals, Inc.

Date:  July 31, 2006

Pro Hac Vice Counsel:

Francis J. Deasey, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
(215) 587-9400 (phone)
(215) 587-9456 (fax)

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that a true and correct copy of Defendant, Active Crane Rental's Interrogatories Directed to Defendant, Magco Crane Rentals was serviced upon all counsel by first class mail, postage prepaid, on the date set forth below:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**

Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

Lynne M. Parker, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
**(Attorney for Defendant, Murphy Marine Services, Inc.)**

Nicholas E. Skiles, Esquire
**Swartz Campbell LLC**
919 Market Street
P.O. Box 330
Wilmington, DE 19899
**(Attorney for Fourth-Party Defendant, Magco Crane Rentals**)

**REGER RIZZO KAVULICH & DARNALL, LLP**


BY:    /s/ Louis J. Rizzo, Jr.
          LOUIS J. RIZZO, JR., ESQUIRE
          Attorney for Defendant, Active Crane Rentals, Inc.

Date:  July 31, 2006