IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| | : | |
| **ALTAIR LINES, S.A.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MURPHY MARINE SERVICES, INC.,** | : | |
| **and MAGCO CRANE RENTALS,** | : | |
| | : | |

## DEFENDANT, ACTIVE CRANE RENTALS, INC'S INTERROGATORIES DIRECTED TO MURPHY MARINE SERVICES, INC.

Pursuant to the Federal Rules of Civil Procedure, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The original Answers to Interrogatories shall be filed and copies served on all interested parties within thirty (30) days after service of the attached Interrogatories.

Pursuant to Federal Rules of Civil Procedure, these Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Federal Rules of Civil Procedure, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents can be inspected and the reason they could not be attached to the Answers to

Interrogatories.

## DEFINITIONS

(a) The term "DOCUMENT" as used herein, means the original and all copies of all written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody or control or known by you to exist, including but not limited to:

- (i) all contracts, agreements, letter agreements, representations, warranties, certifications and opinions;

- (ii) all letters or other forms of correspondence or communications, including envelopes and notes, telegrams cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conference;

- (iii) all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analysis, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

- (iv) all desk calendars, appointment books and diaries;

- (v) all minutes, records or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

- (vi) all reports and summaries of interviews and negotiations;

- (vii) all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

(viii) all motion pictures and photographs (whether developed or undeveloped), tape records, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, disks, data cells, drums, printouts and other data compilations from which information can be obtained; and

(ix) drafts of any documents, revisions of drafts of any document and original or preliminary notes.

(b) Unless otherwise indicated by the context, the term "IDENTIFY" or "IDENTITY":

(I) when referring to a document shall require identification of such document by furnishing a brief description of the documents, title or identifying symbol, its date, name and address of persons originating, name and address of persons (if any), to whom it was directed, the location thereof and its present custodian;

(ii) when used in connection with an oral communication, shall require identification of each person whom and to whom such communication was made, the date it was made, whether it was made by a telephone, and the place at which each person was located;

(iii) when used in referring to a person, shall require furnishing the following information concerning such person:

(1) full name;

(2) age;

(3) the current or last known business and home address;

(4) current or last known employment position (the current or last know business title); and

(5) current or last known telephone number.

(c) The term "PERSON", as used herein, means any natural person, partnership, corporation or other business entity and all present and former officers, directors, agents, employees, representatives, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

(d) The singular shall include the plural and the plural shall include the singular.

(e) The masculine, feminine or neuter pronoun shall not exclude the other genders.

(f) The term "INCIDENT", as used herein, shall refer to the event and/or sequence of events which plaintiffs allege caused injury.

(g) The pronoun "YOU" shall mean the party to whom these interrogatories are addressed.

These Interrogatories are continuing and you are therefore requested to file Supplemental Answers promptly upon receipt of information by you or anyone on your behalf that they are inaccurate or incomplete.

## INTERROGATORIES

1. State:

    a. your name;

    b. your correct legal entity; and

    c. your principal place of business.

    2.    Regarding the injury at issue, state:

        a.    the exact time when the plaintiff was injured;

        b.    where on the vessel the plaintiff was located when the injury occurred;

        c.    what the plaintiff was doing at the time of the injury;

        d.    the circumstances surrounding the plaintiff's injury; and

        e.    the names, addresses, or other means of identification of all persons who saw the plaintiff receive the injuries.

    3.    State whether someone in your employ is responsible for preparing reports of injuries sustained by seamen, longshoremen, or other persons aboard the ship, and, if so, for the person who was delegated that duty at the time of the plaintiff's accident, state:

        a.    the name, address, and employment title of the person who prepared the report;

        b.    who gave the information of the injury;

        c.    the date the report was prepared;

      d.      the name and address of each person, office, or business entity who received a copy of the report;

      e.      the title or other symbol used to designate each report; and

      f.      the name, address, and employment title of each custodian of each copy of the report, and attach a copy of the report to your answers to these interrogatories.

4.      State whether any investigations were made concerning the plaintiff's accident, and, if so, state:

      a.      the date of each investigation;

      b.      where each investigation was made;

      c.      where the ship was at the time of each investigation;

      d.      the names of the persons conducting each investigation; and

      e.      the names of the persons present during or involved in each investigation.

5.      State whether any written reports were made as a result of the investigations, and, if so, state:

      a.      the date of each written report;

      b.      who made each report;

      c.      the present location of each report; and

      d.      the name, address, and employment title of the person having custody of each report, and attach a copy of each report to your answers to these interrogatories.

6.      State whether the defendant has photographs of the area where the plaintiff was injured, and, if so, state:

      a.      the name and address of the person taking each photograph;

      b.      the date and place where each photograph was taken;

      c.      the number of photographs taken; and

      d.      who has present possession of the negatives, and attach a copy of the photographs to your answers to these interrogatories.

7.      State whether there were any safety rules in effect at the time of the plaintiff's injuries, and, if so, state:

      a.      who promulgated the rules;

  b.  when they were promulgated;

  c.  the specific safety rules you contend apply to the plaintiff's activities at the time the plaintiff was injured;

  d.  whether you contend that the plaintiff violated any safety rules; and

  e.  the specific rules you contend the plaintiff violated.

8. State whether the plaintiff was sent to a hospital for medical attention after the accident, and, if so, state:

  a.  the time and date the plaintiff was sent to the hospital;

  b.  the name and address of the hospital;

  c.  the name and address of the physician who first examined the plaintiff; and

  d.  the name and address of the plaintiff's attending physician or physicians.

9. List by name, other means of identification, and address:

  a.  all employees who were on duty at the time of the plaintiff's injury; and

  b.  all other witnesses of the injury to the plaintiff known to you, your agents, or attorneys.

10. State the name and age of each person, including the plaintiff, who has given a statement, declaration, affidavit, or otherwise been interviewed concerning the accident involved in this action, and for each state:

      a. to whom the statement was made;

      b. the date of the statement;

      c. whether the statement was oral, in writing, or recorded on tape;

      d. at whose request each statement was made;

      e. if any statement is in writing, who wrote and signed each; and

      f. the name and address of the person who has present custody or possession of each statement, and attach a copy of each statement to your answers to these interrogatories.

11. State whether you have consulted any person qualified as an expert on any matter relating to this action, and, if so:

      a. give the name, address, and telephone number of each expert; and

      b. describe each expert's qualifications or special training.

12. Indicate whether each expert submitted a written report, and, if so, state:

      a. the date of the report;

   b.  the present location of the report; and

   c.  the name, address, and employment title of the person having present possession or custody of the report.

13. State whether any expert has rendered an opinion as to the cause or causes of the accident on the ship, and, if so, state the opinion of the expert.

14. Without stating the actual opinion of each expert, state each fact upon which the expert witness bases his or her opinion as to the cause or causes of the accident on the ship.

15. State the name, address and telephone number of the individual who was operating the subject Crane at the time of the subject occurrence.

16. State the name, address and telephone number of each person who plaintiff alleges was responsible for the supervision of the crane operation at the time of the subject occurrence.

17. Describe the crane in question which allegedly caused or contributed to the cause of the incident(s) alleged in the Complaint, giving the following identifying characteristics:

   (a) kind or type of product(s);

   (b) trade or brand name;

   (c) size;

   (d) model number(s);

   (e) serial number(s);

      18.     State whether you contend any other persons, firms, or corporations are responsible for the plaintiff's injuries, and, if so, state:

          a.     the names and address of each responsible entity; and

          b.     the specific facts upon which you rely in contending that the entity is responsible for the plaintiff's injuries.

      19.     State whether you have any contracts or documents between Murphy Marine Services and Active Crane Rentals, Inc., or between Murphy Marine Services and Magco Crane Rentals related to the discharge of the M/V SHINANO REEFER?  If so, state:

          a.     the date(s) of the contract(s) and/or document(s);

          b.     the present location of the contract(s) and/or documents; and

          c.     the name, address, and employment title of the person having present possession or custody of the contract(s) and/or document(s).

      20.     State whether you have any gang lists and time sheets for the longshoremen, gang foremen, ship bosses, and stevedore supervisors who were involved in the discharge of the M/V SHINANO REEFER on June 30, 2003.  If so, state:

          a.     the present location of the documents; and

          b.     the name, address, and employment title of the person having present possession or custody of the document(s).

      21.     State whether you have any documents relating to plaintiff's claim for compensation under the LHWCA or any other applicable state act.  If so, state:

          a.     the present location of the documents; and

    b.    the name, address, and employment title of the person having present possession or custody of the document(s).

**REGER RIZZO KAVULICH & DARNALL, LLP**

BY:   /s/ Louis J. Rizzo, Jr.
        LOUIS J. RIZZO, JR., ESQUIRE
        1001 Jefferson Plaza, Suite 202
        Wilmington, DE 19801
        (302) 652-3611

        Attorney for Defendant,
        Active Crane Rentals, Inc.

Date: July 31, 2006

Pro Hac Vice Counsel:

Francis J. Deasey, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
(215) 587-9400 (phone)
(215) 587-9456 (fax)

**CERTIFICATE OF SERVICE**

  The undersigned attorney hereby certifies that a true and correct copy of Defendant, Active Crane Rental's Interrogatories Directed to Defendant, Murphy Marine Services was serviced upon all counsel by first class mail, postage prepaid, on the date set forth below:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**

Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

Lynne M. Parker, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
**(Attorney for Defendant, Murphy Marine Services, Inc.)**

Nicholas E. Skiles, Esquire
**Swartz Campbell LLC**
919 Market Street
P.O. Box 330
Wilmington, DE 19899
**(Attorney for Fourth-Party Defendant, Magco Crane Rentals)**

**REGER RIZZO KAVULICH & DARNALL, LLP**

BY:   /s/ Louis J. Rizzo, Jr.
   LOUIS J. RIZZO, JR., ESQUIRE
   Attorney for Defendant, Active Crane Rentals, Inc.

Date: July 31, 2006