IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE
IN ADMIRALTY

| | | |
|---|---|---|
| **MICHAEL ROBERTS,** | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 05-cv-0454 (GMS) |
| | : | |
| **ALTAIR LINES, S.A.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **ACTIVE CRANE RENTALS, INC.,** | : | |
| | : | |
| v. | : | |
| | : | |
| **MURPHY MARINE SERVICES, INC.,** | : | |
| **and MAGCO CRANE RENTALS,** | : | |
| | : | |

## DEFENDANT, ACTIVE CRANE RENTALS, INC'S INTERROGATORIES DIRECTED TO PLAINTIFF

Pursuant to the Federal Rules of Civil Procedure, you are hereby requested to answer all Interrogatories in the space provided beneath each Interrogatory. If there is insufficient space to answer any Interrogatory, the remainder of the answer shall follow on a supplemental sheet.

The original Answers to Interrogatories shall be filed and copies served on all interested parties within thirty (30) days after service of the attached Interrogatories.

Pursuant to Federal Rules of Civil Procedure, these Interrogatories shall be deemed continuing so as to require supplemental Answers between the time answered and the time of trial.

Pursuant to Federal Rules of Civil Procedure, all documents requested to be produced are to be attached to the Answers to Interrogatories. In the event that the requested documents cannot be attached to the Answers to Interrogatories, you are to indicate when and where the requested documents can be inspected and the reason they could not be attached to the Answers to

Interrogatories.

## DEFINITIONS

  (a) The term "DOCUMENT" as used herein, means the original and all copies of all written, printed, typed or other graphic matter of any kind or nature and any other tangible thing in your possession, custody or control or known by you to exist, including but not limited to:

    (i) all contracts, agreements, letter agreements, representations, warranties, certifications and opinions;

    (ii) all letters or other forms of correspondence or communications, including envelopes and notes, telegrams cables, telex messages and messages, including reports, notes, notations and memoranda of or relating to telephone conversations or conference;

    (iii) all memoranda, reports, test results, financial statements or reports, notes, scripts, transcripts, tabulations, studies, analysis, evaluations, projections, work papers, corporate records or copies thereof, expressions or statements of policy, lists, comparisons, questionnaires, surveys, charts, graphs, summaries, extracts, statistical statements or records, compilations and opinions or reports of consultants;

    (iv) all desk calendars, appointment books and diaries;

    (v) all minutes, records or transcripts of meetings and conferences and lists of persons attending meetings or conferences;

    (vi) all reports and summaries of interviews and negotiations;

    (vii) all books, articles, press releases, magazines, newspapers, booklets, brochures, pamphlets, circulars, bulletins, notices, instructions and manuals;

(viii) all motion pictures and photographs (whether developed or undeveloped), tape records, microfilms, phonographs, tapes or other records, punch cards, magnetic tapes, disks, data cells, drums, printouts and other data compilations from which information can be obtained; and

(ix) drafts of any documents, revisions of drafts of any document and original or preliminary notes.

(b) Unless otherwise indicated by the context, the term "IDENTIFY" or "IDENTITY":

(I) when referring to a document shall require identification of such document by furnishing a brief description of the documents, title or identifying symbol, its date, name and address of persons originating, name and address of persons (if any), to whom it was directed, the location thereof and its present custodian;

(ii) when used in connection with an oral communication, shall require identification of each person whom and to whom such communication was made, the date it was made, whether it was made by a telephone, and the place at which each person was located;

(iii) when used in referring to a person, shall require furnishing the following information concerning such person:

(1) full name;

(2) age;

(3) the current or last known business and home address;

(4) current or last known employment position (the current or last know business title); and

    (5) current or last known telephone number.

 (c) The term "PERSON", as used herein, means any natural person, partnership, corporation or other business entity and all present and former officers, directors, agents, employees, representatives, attorneys and others acting or purporting to act on behalf of such natural person, partnership, corporation or other business entity.

 (d) The singular shall include the plural and the plural shall include the singular.

 (e) The masculine, feminine or neuter pronoun shall not exclude the other genders.

 (f) The term "INCIDENT", as used herein, shall refer to the event and/or sequence of events which plaintiffs allege caused injury.

 (g) The pronoun "YOU" shall mean the party to whom these interrogatories are addressed.

 These Interrogatories are continuing and you are therefore requested to file Supplemental Answers promptly upon receipt of information by you or anyone on your behalf that they are inaccurate or incomplete.

## INTERROGATORIES

 1. State your full name, date and place of birth, your Social Security number, your home address or addresses during the past ten years.

 2. State your marital status, and, if you are married, widowed, or divorced, state the name and address of your spouse.

 3. State the name, age, and address of any living children.

 4. State whether you have ever served in the Armed Forces, and, if so, state the

branch of service in which you served, the dates of service; and the type of discharge or separation received.

      5.      State how long you have been employed as a harbor worker, and state:

           a.      the name and address of each employer during the preceding three years for whom you have worked as a harbor worker;

           b.      the period or periods for which you were employed by said employers; and

           c.      the duties you performed as a harbor worker during said period.

      6.      State the name of your employer on the day of the accident, the date and time that you were employed, your job classification and rate of pay, and the nature of your duties aboard the vessel.

      7.      State the names, addresses, and job classification of all fellow employees working with you aboard the vessel on the day the accident occurred.

      8.      Describe the weather at the time of your accident, including temperature, cloudiness, and wind.

      9.      State under whose direction and control you were working at the time of the accident.

      10.      State the name, address, and job classification of the gang foreman under whom you were working at the time of your accident, and state where the gang foreman was at the time of your accident.

11. State the name, address, and job classification of the ship's longshoreman foreman at the time of the accident, and where was the ship's longshoreman at the time of the accident.

12. State whether you received any orders or instructions from any officer or member of the crew of the vessel from the time you boarded the vessel on the date of your accident up to the time of the accident, and, if so, state:

    a. the order or instruction received;

    b. the name, address, and job classification of the person giving such order or instruction; and

    c. the time, place, and circumstances under which the order was given.

13. Describe the manner in which the accident occurred.

14. In regards to the cargo, state:

    a. the nature of the cargo being loaded or unloaded;

    b. the portion or portions of the vessel into which the cargo was being loaded or unloaded; and

    c. the portion or portions of the vessel where you worked prior to your accident.

15. State whether any failure of equipment caused or contributed to the accident, and, if so, state how it caused or contributed to the accident.

16. State whether the accident was the result of any failure of equipment provided by

the vessel owner, and, if so, state:

       a.      the type of equipment which failed;

       b.      its exact location;

       c.      whether it was being operated at the time of the alleged accident;

       d.      the name of the operator of the equipment at the time of the accident; and

       e.      the exact location of the operator of the equipment when the accident occurred.

17.     State whether the work you were engaged in at the time of your accident aboard the vessel was covered by any safety rules or regulations, and, if so:

       a.      identify with particularity the rules and regulations; and

       b.      state whether any of the rules or regulations were breached, and, if so, state the pertinent rule or regulation which was breached and the manner in which it was breached.

18.     State in detail what injuries were sustained by reason of the accident.

19.     If you have fully recovered from the injuries, state the approximate date on which you fully recovered from them. To the contrary, if you have not fully recovered from your injuries, state in detail in what respect you are still bothered by any of them and in what manner the disability prohibits you from indulging in your normal occupation.

20.     If you were treated in any hospitals after the accident, state:

        a.        the names of all the hospitals;

        b.        the dates of treatment;

        c.        the expense incurred in each hospital;

        d.        the names of any physicians who treated you in the hospitals; and

        e.        the amounts of the physician's bills.

21.        If you were treated by any other physicians after the accident, state:

        a.        the names and addresses of the physicians;

        b.        the general nature of the treatment rendered by them;

        c.        the number of house and office visits; and

        d.        the expense incurred by you as to each physician.

22.        State whether you are claiming any loss of earnings as a result of the accident, and, if so, state:

        a.        the nature of your employment for three years immediately prior to the accident;

        b.        the name of each employer;

      c.      the amount of your earnings;

      d.      whether or not you received payment of your full or partial salary during any disability which you may have had and by whom it was paid;

      e.      your total earnings for each of the three years preceding the accident, and your total earnings for the year in which the accident occurred up to the date of the accident; and

      f.      the date when you first returned to work after the accident.

23.     State the names and addresses of all witnesses known to you who actually saw the accident, and/or the names and addresses of all persons known to you who have, or may have, any knowledge concerning the facts of the accident, and whether any witness and/or person of interest has provided a statement regarding this accident.

24.     For all the persons whom you expect to call as expert witnesses at the trial, including medical witnesses, state:

      a.      their names;

      b.      residential and business addresses;

      c.      their occupations;

        d.        if they specialize in any particular field, their areas of specialization;

        e.        the facts to which each expert is expected to testify; and

        f.        the opinion to which each expert is expected to testify.

25.     For each expert witness you expect to call, list:

        a.        the schools each has attended, including years in attendance and degrees received;

        b.        experience in particular fields, including names and addresses of employers with inclusive years of employment;

        c.        all publications authored by the persons, including title of the work, the name of the periodical or book in which it was printed, and the date of its printing.

**REGER RIZZO KAVULICH & DARNALL, LLP**

BY:    /s/ Louis J. Rizzo, Jr.,
       LOUIS J. RIZZO, JR., ESQUIRE
       1001 Jefferson Plaza, Suite 202
       Wilmington, DE  19801
       (302) 652-3611

       Attorney for Defendant,
       Active Crane Rentals, Inc.

Date: July 31, 2006

Pro Hac Vice Counsel:

Francis J. Deasey, Esquire
DEASEY, MAHONEY & BENDER, LTD.
1800 John F. Kennedy Boulevard, Suite 1300
Philadelphia, PA 19103
(215) 587-9400 (phone)
(215) 587-9456 (fax)

**CERTIFICATE OF SERVICE**

    The undersigned attorney hereby certifies that a true and correct copy of Defendant, Active Crane Rental's Interrogatories Directed to Plaintiff was serviced upon all counsel by first class mail, postage prepaid, on the date set forth below:

Michael B. McCauley, Esquire
Richard Q. Whelan, Esquire
**Palmer, Biezup & Henderson, LLP**
1223 Foulk Road
Wilmington, DE 19803
**(Attorneys for Defendant/Third-Party Plaintiff Altair Lines, S.A.)**

Peter E. Hess, Esquire
**Law Offices of Peter E. Hess**
P.O. Box 7753
Wilmington, DE 19803
**(Attorneys for Plaintiff, Michael Roberts)**

Lynne M. Parker, Esquire
Hollstein, Keating, Cattell, Johnson & Goldstein, PC
1201 N. Orange Street, Suite 730
Wilmington, DE 19801
**(Attorney for Defendant, Murphy Marine Services, Inc.)**

Nicholas E. Skiles, Esquire
**Swartz Campbell LLC**
919 Market Street
P.O. Box 330
Wilmington, DE 19899
**(Attorney for Fourth-Party Defendant, Magco Crane Rentals**)

    **REGER RIZZO KAVULICH & DARNALL, LLP**

BY:  /s/ Louis J. Rizzo, Jr.
      LOUIS J. RIZZO, JR., ESQUIRE
      Attorney for Defendant, Active Crane Rentals, Inc.

Date: July 31, 2006