IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ALTAIR LINES, S.A. | : | NO.: 05-CV-0454 (GMS) |
| Defendant/Third-Party Plaintiff | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| Third-Party Defendant | : | |
| v. | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS | : | |
| Fourth-Party Defendants | : | |

**REQUEST FOR PRODUCTION OF DOCUMENTS**

TO: Plaintiff, Michael Roberts, Defendant/Third-Party Plaintiff, Altair Lines, Third-Party Defendant/Fourth-Party Plaintiff, Active Crane Rentals and Fourth-Party Defendant Murphy Marine Services.

FROM: Magco Crane Rentals, Fourth-Party Defendant

Fourth-Party Defendant, Magco Crane Rentals, requests you to produce and permit said parties and their agents to inspect and copy each of the documents not privileged at the offices of the Leder Law Group, LLC, 502 Washington Avenue, Suite 101, Baltimore, Maryland 21204 within 30 days or less of the service of this request.

## DEFINITIONS AND INSTRUCTIONS

1.    The words "you," "your" and "plaintiff" include Michael Roberts, Altair Lines, Active Crane Rentals and Murphy Marine Services and any representatives, agents, employees and attorneys.

2.    "Defendant" shall mean Magco Crane Rentals.

3.    "Document" means all material within the scope of the Federal Rules of Civil Procedure, including, but not limited to:

    a.    all depositions, communications, letters, telegrams, reports, cablegrams, correspondence, memoranda, records, reports, notes, drafts, proposals, minutes, affidavits, books, papers, magazines, newspaper articles, logs, calendars, diaries, journals, lists, brochures, pamphlets, literature, advertising, computations, tabulations, computer printouts, bills, statements, invoices, vouchers, bills of lading, schedules, purchase orders, contracts, agreements, books of original entry, accounts, checks, tape recordings, photostats, motion pictures, slides, photographs, sketches, drawings, charts, graphs, video recordings, transcripts, and other similar objects, or any other written, printed, recorded, or video matter or tangible thing on which any words or phrases are affixed or conveyed;

    b.    all depositions and documents obtained from other lawsuits, involving lead or lead-based paint which any plaintiff ingested, inhaled, or to which any plaintiff was otherwise exposed;

    c.    copies of such documents upon which appear any initialing, notation or handwriting of any kind not appearing on the original;

    d.    such documents, whether they were prepared by you, or your agents, employees, consultants, representatives or attorneys, for their own use, your use, or for transmittal in any manner, or were received by any means by you; and

    e.    such documents, wherever located, whether in the files of any agent, employee, consultant, representative, or attorney of yours, or in any file in the possession or direction or control of you.

4.    Whenever in these requests you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying for any reason, identify as to each document:

    a.    the title of the document;

    b.    the author of the document;

      c.      each person to whom an original or a copy of the document was sent;

      d.      the subject matter and a description of the material withheld, to the fullest extent possible short of waiving the claim to privilege; and

      e.      the reason for withholding the document.

5.    Whenever in these requests you are asked to identify or produce a document which is no longer in existence or no longer in your possession, identify as to each the information requested in subparagraphs (a) through (e) of paragraph 4 above, and further identify the last known custodian and the last known location of any such document, and state the reason each document is no longer in existence or in your possession.

6.    The word "person" or "persons," as used herein, shall mean natural persons, corporations, partnerships, associations, joint ventures, proprietorships, forms, organizations, or any other legal or business entity.

7.    The singular form of a word shall refer to the plural as well and words used in the masculine gender shall also include the feminine.

8.    "And" and "or" shall be construed either conjunctively or disjunctively as required by the context of the request to bring within the scope of this request any document or information that might be deemed outside its scope by another construction.

9.    Your written response shall state with respect to each item or category, that inspection and related activities will be permitted as requested, unless the request is denied, in which event the reasons for refusal shall be stated. If the refusal relates to part of an item or category, the part shall be specified.

10.    The documents shall be produced as they are kept in the usual course of business, or you shall organize and label them to correspond with the categories in the request.

11.    These requests are continuing in character so as to require you to promptly amend or supplement your response if you obtain further material or information.

12.    If in responding to these requests you encounter any ambiguity in construing any request, instruction or definition, you must set forth the matter deemed ambiguous and the construction used in responding.

-3-

## DOCUMENTS REQUESTED

1. All documents referred to or identified in discovery responses that have not been previously produced to Magco Crane Rentals.

2. All documents used to prepare any of your Answers to Interrogatories.

3. All documents that support the allegations contained in Active Crane Rentals' Complaint against Magco Crane Rentals that have not been previously produced to Magco Crane Rentals.

4. All documents received from any party to this action or any of its employees, agents or representatives concerning the allegations contained in Plaintiff's Complaint and/or Fourth-Party Plaintiff's Complaint that have not been previously produced to Magco Crane Rentals.

5. All documents referring or relating to medical care and/or expenses necessitated by the occurrence that have not been previously produced to Magco Crane Rentals.

6. All medical records and bills, including, without limitation, reports, office notes, discharge summaries, billings, invoices, and medicals, pertaining to any accident, injury or illness occurring within the past five years that have not previously produced to Magco Crane Rentals.

7. All reports pertaining to the alleged occurrence that is the subject matter of this litigation that have not previously produced to Magco Crane Rentals.

8. All written or recorded statements of any party to this action, or of any agent, representative or employee of any party, concerning the subject matter of this action that have not been previously produced to Magco Crane Rentals.

9. All reports and curriculum vitae of experts expected to testify on your behalf at trial.

10. All correspondence to or from any individual who is expected to testify as an expert witness at trial in your behalf.

11. All documents provided by you to any individual who is expected to testify as an expert at trial in your behalf.

12. All documents reviewed by any individual who is expected to testify as an expert witness at trial in your behalf.

13. All documents prepared by any individual who is expected to testify at trial on your behalf.

14. Any transcripts or recordings of proceedings pertaining to the alleged occurrence.

15. All photographs, videotapes or audiotapes, X-rays, diagrams, surveys, or other graphic representations of information concerning the subject matter of this action.

16. All pleadings, papers, transcripts, releases, and other related papers pertaining to any other claim, lawsuit, or any litigation, including, without limitation, administrative claims, insurance claims and personal injury claims arising out of this alleged occurrence.

17. All documents relating in any way to the investigation by anyone into the facts and circumstances of the occurrence.

18. Copies of all notes, reports, memoranda and surveys prepared by or on behalf of any expert whom you intend to call as a witness at trial, including the curriculum vitae of the expert(s) and all documents submitted to the expert(s) for his or her review.

19. All documents, photographs or recordings containing any information about the injuries, monetary losses and damages that any party claims as a result of the occurrence that have not been previously produced to Magco Crane Rentals.

20.  All statements which you have given to anyone concerning the subject matter of this litigation.

21.  All documents referring or relating to the identity of any witness to the occurrence or having knowledge of facts pertaining to the occurrence.

22.  All other documents not otherwise requested which refer or relate to the subject matter of this action.

                                        SWARTZ CAMPBELL LLC

| Of Counsel: | /s/ Nicholas E. Skiles, Esquire |
|---|---|
|  | Nicholas E. Skiles, Esquire (I.D.#3777) |
| Leder Law Group, LLC | 300 Delaware Avenue, Suite 1130 |
| Steven E. Leder, Esquire | P.O. Box 330 |
| Melodie M. Mabanta, Esquire | Wilmington, Delaware 19801 |
| 502 Washington Ave., Suite 101 | (302) 656-5935 |
| Baltimore, MD 21204 | Attorneys for Defendant Magco Crane Rentals |