IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MICHAEL ROBERTS | : | CIVIL ACTION |
| Plaintiff | : | |
| v. | : | |
| ALTAIR LINES, S.A. | : | NO.: 05-CV-0454 (GMS) |
| Defendant/Third-Party Plaintiff | : | |
| ACTIVE CRANE RENTALS, INC. | : | |
| Third-Party Defendant | : | |
| v. | : | |
| MURPHY MARINE SERVICES, INC. and MAGCO CRANE RENTALS | : | |
| Fourth-Party Defendants | : | |

_____

## INTERROGATORIES

TO:        Active Crane Rentals, Inc., Fourth-Party Plaintiff

FROM:   Magco Crane Rentals, Fourth-Party Defendant

## INSTRUCTIONS

Pursuant to the Federal Rules of Civil Procedure, you are requested to answer within 30 days the following interrogatories:

(a) Your response shall set forth the interrogatory, and its answer, and shall answer separately and fully in writing, or shall state fully the grounds for refusal to answer any interrogatory. The response shall be signed by you.

(b) Your answers shall include all information available to you or through agents, representatives or attorneys.

(c)  These interrogatories are continuing in character so as to require you to promptly amend or supplement your answers if you obtain further material information.

(d)  If in answering these interrogatories you encounter any ambiguities construing a question, instruction or definition, set forth the matter deemed ambiguous and the construction used in answering.

## DEFINITIONS

As used in these interrogatories, the following terms are to be interpreted in accordance with these definitions:

(a)  The term "person" includes any individual, joint stock company, unincorporated association or society, municipal or other corporation, the State, its agencies or political subdivisions, any court, or any other governmental entity.

(b)  The terms "you" and "your" include the person(s) to whom these interrogatories are addressed, and all of that person's agents, representatives, employees, insurers, and attorneys.

(c)  The terms "document" or "documents" include all writings, drawings, graphs, charts, photographs, recordings, and other data compilations from which information can be obtained, translated, if necessary, by you through detection devices into reasonably usable form.

(d)  The terms "identify," "identity" or "identification," when used in reference to a natural person, require you to state that person's full name, last known address, home and business telephone numbers, and present business affiliation.  When used in reference to a person other than a natural person, the terms "identify," "identity" or "identification," require you to describe the nature of such person as a corporation, partnership, etc., and to state that person's last known address, telephone number, and principal place of business.  Once any person has been identified properly, it shall be sufficient thereafter when identifying that same person to state the name only.

(e)  The terms "identify," "identity" or "identification" when used in reference to a document, require you to state the date, title, present custodian, the author (or, if different, the signor or signors), the addressee, and the type of document (e.g., letter, memoranda, telegram, chart, etc.). If any such document was, but is no longer in your possession or subject to your control, state what disposition was made of it and the reason for such disposition.  In lieu of so identifying a document, at your option you may attach an accurate copy of it to your answers to these interrogatories,

    appropriately labeled to correspond to the interrogatory in response to which it is being produced.

(f)   Unless otherwise indicated, these interrogatories refer to the time, place and circumstances of the accident or occurrence mentioned or complained of in the pleadings.

(g)   The term "photograph" as used herein includes still photographs, moving pictures, and videotapes.

(h)   Present tense should be construed as also including the past tense if appropriate.

(i)   The singular should be construed as also including the plural and the plural should be construed as also including the singular if appropriate.

(j)   If you are unable to answer any of these interrogatories completely, answer to the extent possible, specifically, and state whatever information or knowledge you have concerning the unanswered portion.

(k)   A document "relating" or "related to" any given subject matter means any document that pertains, refers, or discusses in any way, directly or indirectly, the subject requested, including document concerning the preparation of such documents.

(l)   The word "including" means by way of example and not by way of limitation.

(m)   The term "occurrence" means the events complained of in the Complaint.

_____

1.   State any and all facts upon which you base the allegations that Magco Crane Rentals supplied the crane involved in the occurrence as referenced in your Complaint.

2.   Identify any and all documents upon which you base your allegation that Magco Crane Rentals supplied the crane involved in the occurrence as referenced in your Complaint.

3.   State whether Active Crane Rentals entered into any written contracts and/or agreements with Magco Crane Rentals for the rental and/or re-rental of cranes at the Port of Wilmington, including in your answer the Active Crane Rentals and Magco Crane Rentals

personnel involved with the written contracts, the dates of any written contracts and all parties to the contracts.

4. State whether Active Crane Rentals entered into any oral agreements with Magco Crane Rentals for the rental and/or re-rental of cranes at the Port of Wilmington, including in your answer the Active Crane Rentals and Magco Crane Rentals personnel involved with the oral agreements, the dates of any oral agreements and all parties to the oral agreements.

5. Describe the acts or omissions of negligence of this Defendant that you claim caused the occurrence, identifying any violations of particular statutes, ordinances, rules or regulations that you allege this Defendant violated.

6. State whether you or anyone on your behalf made any written reports of the June 30, 2003 accident as alleged by Plaintiff and , if so, state the date and time of the reports, the name and address of the person(s) authoring the reports, the nature of the reports and what the reports reveal.

7. State whether you are in receipt of any written reports made by an entity, governmental or private, concerning the June 30, 2003 accident as alleged by Plaintiff and, if so, state the date and time of the report, the name and address of the persons or entities authoring the reports, the nature of the reports and what the reports reveal.

8. State whether you or anyone on your behalf made any examination or inspection of the crane involved in the occurrence at any time before or after the occurrence and, if so, state the date and time of the earliest inspection after the alleged occurrence, the name and address of the person(s) who made the inspection, the nature of such inspection and what the inspection revealed.

9. State whether you or anyone on your behalf made any examination or inspection of any equipment at Plaintiff's job-site on June 30, 2003.

10. State whether you had any personnel, including crane operators, assigned to the Plaintiff's job-site on June 30, 2003, including in your answer whether your personnel reported the accident as referenced in Plaintiff's Complaint and what the report(s) revealed.

11. If your answer to the preceding Interrogatory is in the affirmative, identify the personnel you assigned to Plaintiff's job-site on June 30, 2003.

12. State whether you investigated or caused an investigation of the Plaintiff's and/or Third-Party Plaintiff's allegations. If so, state the date of the investigation(s), name of the person or entity conducting the investigation(s), the result of the investigation(s) and whether written reports were made.

13. Identify all persons who have provided statements, declarations, affidavits or interviews concerning the June 30, 2003 accident involving Plaintiff, including in your answer the person taking the statements, the date of the statements, the persons or entities having custody and/or possession of the statement and the nature of the statements, declarations, affidavits or interviews.

14. Identify the experts you intend to rely upon at the trial of this matter, the facts upon which the expert bases his or her opinions and the expert's opinion as to the cause and/or causes of Plaintiff's accident.

15. Describe in detail how you contend the occurrence as referenced in Plaintiff's Complaint and/or Third-Party Plaintiff's Complaint took place.

16. State whether Active Crane Rentals had any equipment, cranes or otherwise, at the Port of Wilmington on June 30, 2003.

17. Identify any known persons or entities assigned to Plaintiff's job-site on June 30, 2003 who made regular inspections, for safety or otherwise, including in your answer any persons you employed to make regular inspections, for safety or otherwise.

18. State whether you aware of any photographs of Plaintiff's job-site and, if so, state whether you are in possession of those photographs or the custodian of those photographs.

19. Identify any witnesses to the occurrence, including in your answer the last known address of the witness.

20. Identify any persons or entities not previously identified in your answers to these Interrogatories who have personal knowledge of facts material to this case.

SWARTZ CAMPBELL LLC

Of Counsel:

Leder Law Group, LLC
Steven E. Leder, Esquire
Melodie M. Mabanta, Esquire
502 Washington Ave., Suite 101
Baltimore, MD 21204

*/s/Nicholas E. Skiles, Esquire*
Nicholas E. Skiles, Esquire (I.D.#3777)
300 Delaware Avenue, Suite 1130
P.O. Box 330
Wilmington, Delaware 19801
(302) 656-5935
Attorneys for Defendant Magco Crane Rentals